Opinion
 

 GEORGE, C. J.
 

 Relying upon its opinion in
 
 People v. Mai
 
 (1994) 22 Cal.App.4th 117 [27 Cal.Rptr.2d 141], the Court of Appeal held that a robbery can be committed even if the victim did not possess the property that was taken by force or fear. We disapprove the decision in
 
 Mai
 
 and reverse, in part, the judgment of the Court of Appeal in the present case.
 

 I
 

 Around 5:30 p.m. on February 10, 1995, a number of employees were celebrating a coworker’s birthday in the lunchroom of G&G Assemblers, a computer assembly business located in Huntington Beach. Also present was Jose Jiminez, the husband of one of the employees. During the celebration, defendants Thuan Van Nguyen, Thanh Van Le, Anphong Due Nguyen, and Sokha Kong entered the lunchroom brandishing weapons, ordered the victims to lie facedown on the floor, and bound the victims’ arms and legs with plastic strips and ties.
 

 Three of the employees testified that defendants took their money and identification. One defendant announced an intention to take identification from each of the victims so defendants would know where the victims lived, which might dissuade the victims from reporting defendants to the authorities. A fourth employee testified, but was not asked and did not state whether defendants took her money or identification. The remaining five victims, including the visitor Jiminez, did not testify. Defendants took approximately $400,000 worth of computer modules and memory chips from the business and fled.
 

 Several months later, defendants returned to G&G Assemblers, apparently intending to repeat the crime. Employees recognized defendants and summoned the police. Later that day, police officers arrested defendants at a nearby park.
 

 At trial, the court granted the prosecutor’s request for the following special jury instruction, apparently based upon language in
 
 People
 
 v.
 
 Mai,
 
 
 *759
 

 supra,
 
 22 Cal.App.4th 117, 129: “To be a victim of robbery, however, a person need not own, possess, be in control of, or even have the right to possess or control the property sought by the perpetrator. A victim may be an employee or visitor who becomes subject to the application of force or fear utilized to obtain the property of another person, owner of a business or employee.”
 

 Defendants were convicted of nine counts of second degree robbery (Pen. Code, § 211),
 
 [1]
 
 and conspiracy to commit an additional robbery (§ 182). The jury found true the allegations that all defendants except Kong personally used a firearm during the robberies (§ 12022.5, subd. (a)(1)), that Kong, a principal, was armed with a firearm during the robberies (§ 12022, subd. (a)(1)), and that all defendants were armed with firearms during the conspiracy to commit the additional robbery (§ 12022, subd. (a)(1)). Thuan Nguyen, Le, and Anphong Nguyen each were sentenced on the first count of robbery to a term of five years in prison, plus an enhancement of four years for personally using a firearm, plus consecutive terms of one year for each of the remaining eight counts of robbery, and the one count of conspiracy, plus enhancements of 16 months on each of the remaining eight counts of robbery, for a total term of 28 years and eight months in state prison. Kong was sentenced on the first count of robbery to a term of five years in prison, plus an enhancement of one year for being armed with a firearm, plus consecutive terms of one year each on five of the remaining counts of robbery, for a total term of 11 years in state prison.
 

 Defendants appealed, arguing, among other contentions, that there was insufficient evidence to establish that any property was taken from the visitor Jiminez, and, therefore, that each defendant’s conviction based upon the robbery of Jiminez must be reversed. The Court of Appeal affirmed, holding that to be the victim of a robbery, a person need not have been in possession of the property taken and that, in any event, there was sufficient evidence establishing that defendants took whatever money or identification Jiminez had in his possession. We granted review. For the reasons that follow, we reverse, in part, the judgment of the Court of Appeal.
 

 II
 

 Section 211 provides: “Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.” Despite this statutory language requiring that the property be taken from “the possession of another”
 
 (ibid.),
 
 the Court of Appeal concluded that defendant could be
 
 *760
 
 convicted of robbing Jiminez based upon the taking of property from the business, whether or not Jiminez had a possessory interest over the merchandise taken from the business. In reaching this conclusion, the Court of Appeal relied upon its earlier decision in
 
 People v. Mai,
 
 supra, 22 Cal.App.4th 117.
 

 In
 
 Mai,
 
 the defendant and his accomplice entered á gold business and held at gunpoint the owner of the business, his mother, his brother, and his brother’s nephew. The robbery attempt was foiled when the owner and his brother overpowered their assailants, wounding the defendant and killing his accomplice. The defendant was convicted of the murder of his accomplice and four counts of attempted robbery. He challenged the conviction of attempted robbery of the nephew on the ground that there was insufficient evidence that the nephew was in joint possession of the gold that the defendant tried to steal from the business. The Court of Appeal rejected this contention with a broad holding: “Assuming the nephew was no more than a visitor to the business premises and neither owned nor possessed the gold, once force and fear were applied to him in an attempt to deprive
 
 someone, or anyone,
 
 of property, [the nephew] became the victim of an attempted robbery. [Citation.] A robbery consists of the application of force or fear to obtain the property of another. The victim need not own, possess, or even have the right to possess the property sought by the perpetrator.”
 
 (People
 
 v.
 
 Mai, supra,
 
 22 Cal.App.4th 117, 129.)
 

 Less than a year later, the Court of Appeal in
 
 Sykes v. Superior Court
 
 (1994) 30 Cal.App.4th 479 [35 Cal.Rptr.2d 571], took a different approach. Sykes broke into a music store and stole a saxophone. A security guard employed by a business across the street saw the defendant leaving the music store and ordered him to stop. The defendant initially approached the guard, but then turned and fled. The guard pursued and apprehended the defendant following a struggle, during which the defendant bit or scraped the guard’s hand. The Court of Appeal held that the defendant could not be prosecuted for robbery, because the saxophone had not been taken from the possession of the security guard.
 

 The decision in
 
 People v. Galoia
 
 (1994) 31 Cal.App.4th 595 [37 Cal.Rptr.2d 117] followed the decision in
 
 Sykes,
 
 and held that a Good Samaritan who attempted to thwart a robbery was not a victim of that robbery. Galoia took several items from a convenience store in which Mark Steadman was collecting money from the video games he maintained in the store. Steadman pursued Galoia until Galoia threatened him and Galoia’s companion struck him. Relying upon the decision in
 
 Sykes
 
 v.
 
 Superior Court, supra,
 
 30 Cal.App.4th 479, the Court of Appeal held that “Steadman did not have a
 
 *761
 
 sufficient interest in the property to be a robbery victim.”
 
 (People v. Galoia, supra,
 
 31 Cal.App.4th at p. 598.)
 

 We granted review to resolve this conflict in authority. For the reasons explained below, we conclude that the holding in
 
 People
 
 v.
 
 Mai, supra,
 
 22- Cal.App.4th 117, that the property taken during a robbery need not be taken from the possession of the victim, should be disapproved.
 

 We consistently have held that, in order to constitute robbery, property must be taken from the possession of the victim by means of force or fear. “To constitute robbery the property must be removed from the possession and immediate presence of the victim against his will, and such removal must be by force or fear.”
 
 (People
 
 v.
 
 Ramos
 
 (1982) 30 Cal.3d 553, 589 [180 Cal.Rptr. 266, 639 P.2d 908], revd. on other grounds
 
 sub nom. California
 
 v.
 
 Ramos
 
 (1983) 463 U.S. 992 [103 S.Ct. 3446, 77 L.Ed.2d 1171].)
 

 In
 
 People
 
 v.
 
 Miller
 
 (1977) 18 Cal.3d 873 [135 Cal.Rptr. 654, 558 P.2d 552], we held that a security guard had constructive possession of property taken from the jewelry store in which he was employed and, thus, properly could have been alleged as a victim of the robbery: “ ‘Robbery is an offense against the person; thus a store employee may be the victim of a robbery even though he is not its owner and not at the moment in immediate control of the stolen property.’ [Citation.] Robbery convictions have been upheld against contentions that janitors and night watchmen did not have a sufficient possessory interest in their employer’s personal property to qualify as victims. [Citations.] Even a visitor in a store who was forced to remove and surrender money from the store’s cash box was held to be a victim of the robbery. [Citation.]”
 
 (Id.
 
 at p. 880;
 
 People v. Jones
 
 (1996) 42 Cal.App.4th 1047, 1054 [50 Cal.Rptr.2d 46] [store truck driver had “sufficient representative capacity with respect to the owner of the property to be the victim of robbery”];
 
 People
 
 v.
 
 Estes
 
 (1983) 147 Cal.App.3d 23, 27 [194 Cal.Rptr. 909] [security guard];
 
 People v. Masters
 
 (1982) 134 Cal.App.3d 509, 519-520 [185 Cal.Rptr. 134] [restaurant employee was a victim of robbery, even though another employee was closer to the cash register from which the property was taken];
 
 People
 
 v.
 
 Arline
 
 (1970) 13 Cal.App.3d 200, 202 [91 Cal.Rptr. 520], disapproved on another ground in
 
 People
 
 v.
 
 Hall
 
 (1986) 41 Cal.3d 826, 834 [226 Cal.Rptr. 112, 718 P.2d 99] [employee of gas station was a victim of robbery even though a coemployee had the key to the cash box from which the property was taken];
 
 People v. Poindexter
 
 (1967) 255 Cal.App.2d 566, 568-569 [63 Cal.Rptr. 332] [barmaid];
 
 People v. Downs
 
 (1952) 114 Cal.App.2d 758, 765 [251 P.2d 369] [janitors];
 
 People v. Dean
 
 (1924) 66 Cal.App. 602, 606-607 [226 P. 943] janitors and watchmen].)
 

 In
 
 People v. Gordon
 
 (1982) 136 Cal.App.3d 519, 529 [186 Cal.Rptr. 373], the defendant and an accomplice entered the residence of Joseph and Mary
 
 *762
 
 Lopes, threatened them with a firearm, and took from their adult son’s bedroom a large amount of cash and marijuana. The Court of Appeal affirmed the defendant’s conviction of robbery, stating that “the parents possessed these personal items of their adult son for purposes of the robbery statute.”
 
 (Ibid.)
 

 In
 
 People v. Moore
 
 (1970) 4 Cal.App.3d 668 [84 Cal.Rptr. 771], the mother of an employee entered the business and found a robbery in progress. At the defendant’s direction, she removed money from a cash register and a money bag and gave it to the defendant. The Court of Appeal rejected the defendant’s argument that the mother was not a victim of the robbery because she “was not an employee but merely a visitor,” holding that once the mother “exercised dominion over the money, whatever her motivation in so doing, she became, insofar as defendant was concerned, the person in possession thereof, and she was properly designated in the information as the immediate victim of his robbery.”
 
 (Id.
 
 at pp. 670-671.)
 

 Although the theory of constructive possession has been used to expand the concept of possession to include employees and others as robbery victims, the case of
 
 People v. Mai, supra,
 
 22 Cal.App.4th 117, is the only published decision in California that has dispensed entirely with the requirement that a robbery victim be in possession of the property taken by the defendant.
 
 [2]
 
 It has been settled law for nearly a century that an essential element of the crime of robbery is that property be taken from the possession of the victim.
 
 (People
 
 v.
 
 Ho Sing
 
 (1907) 6 Cal.App. 752, 753 [93 P. 204].)
 

 The Attorney General argues that arbitrary results will ensue from a rule limiting the victims of a robbery to persons from whose possession property has been taken. The visitor to the business in the present case was subjected to the same level of force as were the employees of the business, yet each of
 
 *763
 
 the employees is a victim of robbery while the visitor is not.
 
 [3]
 
 This is a legitimate concern. Section 222.1 of the Model Penal Code avoids this problem by defining robbery to include the use of force or fear against
 
 any
 
 person during the commission of a theft: “A person is guilty of robbery if, in the course of committing a theft, he: [¶] (a) inflicts serious bodily injury upon another; or [¶] (b) threatens another with or purposely puts him in fear of immediate serious bodily injury; or [¶] (c) commits or threatens immediately to commit any felony of the first or second degree.”
 

 But regardless of the wisdom of following the approach adopted by the Model Penal Code, it is clear that this approach has not been adopted in California. The language of section 222.1 of the Model Penal Code is quite different from the language of Penal Code section 211. As noted above, section 211 defines robbery as “the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.” The Model Penal Code makes no mention of the taking of property in the possession of another, as does Penal Code section 211. Rather, a defendant commits robbery within the definition of the Model Penal Code if, in the course of committing a theft, the defendant inflicts, threatens to inflict, or puts
 
 any
 
 person in fear of immediate serious bodily injury.
 

 The comment to section 222.1 of the Model Penal Code does not discuss why language such as that in Penal Code section 211 requiring that property be taken from the possession of another was not included in the model code provision, but it does discuss why related language in Penal Code section 211, requiring that property be taken “from his person or immediate presence,” was omitted. Characterizing the language used in section 211 as the “traditional basis for classifying theft as robbery,” the comment explains that the Model Penal Code purposely deleted this requirement so that in “a few situations” the definition of robbery would apply to “the theft of property other than from the person or in the presence of the victim.” (Model Pen. Code & Commentaries, com. 3 to § 222.1, p. 112.)
 

 Several states have adopted the Model Penal Code approach.
 
 [4]
 
 One such state is New Jersey. The Supreme Court of New Jersey termed the new law
 
 *764
 
 “ ‘a clean break with the past.’ ”
 
 (State v. Mirault
 
 (1983) 92 N.J. 492 [457 A.2d 455, 457].) The court recognized the significance of this change: “Both the New Jersey Code and the [Model Penal Code] broaden common law robbery in several ways: they include injury or threat to one other than the custodian of the property; they include escape from commission or attempt; and they eliminate the element of asportation. Our new statute thus ‘manifests a legislative intent to adopt a more expansive concept of robbery.’ ” (457 A.2d at pp. 457-458.)
 

 Unlike the State of New Jersey, California has not adopted the Model Penal Code definition of robbery. Section 211 reflects, instead, the traditional approach that limits victims of robbery to those persons in either actual or constructive possession of the property taken. We take no position on which of these differing approaches is preferable. Our Legislature has adopted the traditional approach, as reflected in the language of section 211. It is up to the Legislature to implement any change that may be desirable.
 

 In the present case, Jiminez was a visitor to the business and was not in actual or constructive possession of the property taken from the business. None of the convictions for the robbery of Jiminez, therefore, can be based upon evidence that property was taken from the business.
 

 In addition to holding that each defendant’s conviction for the robbery of Jiminez could be based upon the taking of property from the business, the Court of Appeal also concluded that there was sufficient evidence that property was taken from Jiminez’s person: “The circumstantial evidence to support this inference was the robbers’ stated intent to take all identification, one of the robbers’ demand to another robber to be sure and take all identification, and the testimony of three of the victims—the only ones ever asked—that the robbers accomplished that intention on them.” There is a flaw in this reasoning. There is no evidence that Jiminez had any identification or other personal property in his possession. The Attorney General does
 
 *765
 
 not argue to the contrary. Even if it can be inferred from the evidence presented that defendants tried to rob Jiminez, it cannot be determined whether they succeeded.
 

 As discussed above, the jury was instructed that Jiminez could be a victim of robbery based upon the taking of property owned by the business, even if he did not “own, possess, be in control of, or even have the right to possess or control the property sought by the perpetrator.” The Attorney General concedes that if this instruction was erroneous, and we have concluded that it was, defendants’ convictions for robbing Jiminez cannot stand, because the jury may have based its verdict upon the evidence that defendants took property owned by the business.
 

 The Attorney General argues, however, that we can reduce each defendant’s conviction for robbing Jiminez to a conviction for attempting to rob that individual, because “[t]he only difference created by the allegedly erroneous instruction is that the jury may not have evaluated the evidence concerning one element.” We do not agree. Reducing defendants’ convictions to attempted robbery would not alter the circumstance that the jury may have based its verdict on this count upon the taking of property from the business, rather than the taking, or attempted taking, of property from the person of Jiminez. We may not uphold each defendant’s conviction for robbing Jiminez, or reduce each such conviction to one for attempted robbery, unless this error was harmless beyond a reasonable doubt.
 
 (People
 
 v.
 
 Cox
 
 (2000) 23 Cal.4th 665, 677, fn. 6 [97 Cal.Rptr.2d 647, 2 P.3d 1189].) An instructional error is harmless if it .is “ ‘clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.’ ”
 
 (Ibid.)
 
 In the present case, the jury may have based its verdict on this count solely upon the evidence that property was taken from the business, without considering whether any defendant attempted to take property from the person of Jiminez. Under these circumstances, we cannot conclude that it is “ ‘clear beyond a reasonable doubt that a rational jury would have found the defendant guilty’ ” had the erroneous instruction not been given.
 
 (Ibid.)
 

 Ill
 

 The judgment of the Court of Appeal is reversed to the extent it affirms each defendant’s conviction for robbing Jiminez, and is otherwise affirmed.
 
 *766
 
 The case is remanded to the Court of Appeal for further proceedings consistent with this opinion.
 

 Mosk, J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.
 

 On January 17, 2001, the opinion was modified to read as printed above.
 

 [1]
 

 All further statutory references are to the Penal Code, unless otherwise indicated.
 

 [2]
 

 Only one published decision has cited with approval the holding in
 
 Mai
 
 that a robbery victim need not possess the property taken during the robbery. In
 
 People v. Bekele
 
 (1995) 33 Cal.App.4th 1457 [39 Cal.Rptr.2d 797], disapproved on another ground in
 
 People v. Rodriguez
 
 (1999) 20 Cal.4th 1, 13-14 [82 Cal.Rptr.2d 413, 971 P.2d 618], Robert Jump and his coworker, Paco Fernandez, saw the defendant burglarizing Jump’s truck. Jump said, “ ‘Let’s stop’ ” and “ ‘There is somebody in my truck.’ ” (Bekele, at p. 1460.) Jump and Fernandez approached the truck and told the defendant to stop. The defendant ran and Fernandez gave chase while Jump radioed for help. As Fernandez followed, the defendant produced a firearm and pointed it at Fernandez, saying, “ ‘Don’t.’ ”
 
 (Ibid.)
 
 The defendant was convicted, among other charges, of the robbery of Fernandez. The Court of Appeal affirmed the judgment, holding that “Fernandez had constructive possession of Jump’s property through Jump’s implied grant of authority to help stop the theft.”
 
 (Id.
 
 at p. 1462.) Although, as noted above, this decision cites
 
 Mai
 
 with approval, it nevertheless appears to apply the settled rule that a robbery victim must possess the property taken during the robbery. We need not, and do not, decide whether the court in
 
 Bekele
 
 was correct in concluding that Jump’s comments were sufficient to confer upon his coworker constructive possession of the truck.
 

 [3]
 

 Of course, the visitor may be the victim of other offenses, such as assault with a deadly weapon. (§ 245.)
 

 [4]
 

 Alabama Code, title 13A, section 13A-8-43 (2000), defines robbery to include the threat or use of force “against the person of the owner
 
 or any person present.”
 
 (Italics added.) Hawaii Revised Statutes, section 708-840 (2000), defines robbery to include the threat or use of force “against the person
 
 of anyone present.”
 
 (Italics added.) Montana Code Annotated, section 45-5-401 (2000), defines robbery to include the threat “to inflict bodily injury upon
 
 any person.”
 
 (Italics added.) Robbery statutes that track the language of the Model Penal Code
 
 *764
 
 include New Hampshire Revised Statutes, section 636:1 (2000), New Jersey Revised Statutes, section 2C:15-1 (2000), North Dakota Century Code, section 12.1-22-01 (2000), and 18 Pennsylvania Consolidated Statutes, section 3701 (2000).
 

 Other state statutes that do not require that the property taken during a robbery be taken “from the possession” of the victim include Arkansas Code Annotated, section 5-12-102 (2000), General Statutes of Connecticut, section 53a-133 (2000), Delaware Code Annotated, title 11, section 831 (2000), Code of Iowa, section 711.1, Kentucky Revised Statutes Annotated, section 515.030 (2000), Maine Revised Statutes, title 17, section 651 (2000), New York Penal Law, section 160.00 (2000), Ohio Revised Code, title XXIX, section 2911.02 (2000), Oregon Revised Statutes, section 164.395 (1999), Texas Penal Code Annotated, section 29.02 (2000), and Wyoming Statutes Annotated, section 6-2-401 (2000).