824 So.2d 956 (2002)
Robert Leon GAITER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-3268.
District Court of Appeal of Florida, Third District.
August 7, 2002.
Rehearing and Certification of Question Denied August 30, 2002.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before COPE, GREEN, and RAMIREZ, JJ.
RAMIREZ, J.
Robert Leon Gaiter appeals the denial of his motion for judgment of acquittal on the charge of attempted robbery. We reverse because appellee State of Florida failed to establish all the elements of the crime charged.
Wes Brent was at his rental property when he saw Gaiter sawing the lock off a bicycle that belonged to Brent's tenant. The tenant rents an apartment located at the rear of the house. The tenant's bicycle and Brent's jet ski were chained to a basketball hoop pole at the rear of Brent's property. Brent confronted Gaiter and an altercation ensued. Gaiter struck Brent on the head, neck, and chest with a saw, and bit Brent's finger. The bite resulted in the amputation of Brent's finger tip.
Gaiter was arrested and charged with aggravated battery,[1] and attempted robbery. Brent's tenant testified at trial that he owned the subject bicycle, and that he was the only one with a key to the lock on the bicycle. There was no testimony as to whether the tenant granted custody of the bicycle to the landlord.
*957 At the conclusion of the State's case, Gaiter moved for a judgment of acquittal as to the attempted robbery charge, arguing that Brent was not in actual custody of the bicycle. The trial court expressed concern about whether Brent had custody of the bicycle, but denied the motion. The court held that, as the owner of the property, Brent had custody of whatever was located on the property. This was error.
One of the essential elements of robbery is that the person who is placed in fear or assaulted must either own or have custody of the property being taken. See Fla. Stat. § 812.13(1) (2000) ("`Robbery' means the taking of money or other property which may be the subject of larceny from the person or custody of another, with the intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear."). It is undisputed that Brent was not the owner of the bicycle. Nor was the bicycle on his person. It was chained to the basketball pole. Thus, in order for Gaiter's conviction for attempted robbery to stand, it was necessary for Brent to have custody of the bicycle.[2] He did not.
Custody is defined as "care, supervision, and control exerted by one in charge." THE AMERICAN HERITAGE DICTIONARY (3d ed.1996). Brent did not have possession or control over the bicycle as the tenant had the only key to the lock. Neither was Brent charged with the care and supervision of the bicycle.
Furthermore, the mere ownership of land upon which a tenant's personal property is located does not give the landlord custody of the tenant's personal property. Had the landlord taken the bicycle or appropriated it for his own use without permission, he would be subject to theft charges. See Seymour v. Adams, 638 So.2d 1044 (Fla. 5th DCA 1994) (even after eviction, landlord has no right to retain tenant's property for unpaid rent). Nor does a landlord have a legal right to his tenant's personal property so as to allow a police search. See Morse v. State, 604 So.2d 496 (Fla. 1st DCA 1992).
Thus, Brent had no rights over the tenant's bicycle; and no evidence was presented that the tenant had given Brent care, possession or control of the bicycle. The State therefore failed to prove that Brent had custody. See People v. Nguyen, 24 Cal.4th 756, 102 Cal.Rptr.2d 548, 14 P.3d 221 (2001) (holding that, under California's similar statute, robbery is limited to the traditional approach which criminalizes the taking from persons in either actual or constructive possession of the property).[3] Because all the elements of robbery were not met, Gaiter's conviction for attempted robbery cannot stand.
Reversed.
NOTES
[1] The jury was unable to reach a verdict as to the charge of aggravated battery.
[2] "No principle of criminal law is better settled than that the State must prove the allegations set up in the information or indictment." Lewis v. State, 53 So.2d 707, 708 (Fla.1951). The information charges Gaiter with attempting to take the property of the tenant from the person or custody of Brent.
[3] As the Nguyen case points out, the legislature is free to adopt a different approach, such as under the Model Penal Code, which defines robbery as a theft with the infliction, or threat of infliction, or putting any person in fear of immediate serious bodily injury.