STRINGER, Judge.
Jacob 0. Cash seeks review of the trial court’s order denying his motion and supplemental motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Cash’s motions contained a total of seventeen grounds; the court summarily denied eight and denied the remaining nine after an evidentiary hearing. After reviewing all seventeen grounds, we have determined that an evi-dentiary hearing is required on grounds one, nine, and thirteen. We affirm without comment the denial of the remainder of the grounds.
A jury found Cash guilty of second-degree murder and shooting at, within, or into a vehicle. From the sparse record before us, it appears that the State’s theory at trial was that Cash shot the victim three times in Ybor City while Cash was running next to a vehicle the victim was driving. It is undisputed that the victim was seated in the driver’s seat and driving at the time. Cash’s defense was that the victim was trying to carjack him and that Cash shot him in self-defense. Cash claimed that he was climbing out of the driver’s window trying to escape when he shot the victim. The State presented testimony that Cash stole the vehicle from Moss Automotive in South Carolina and drove it to Florida. Cash testified that the vehicle was loaned to him by a Moss employee, Jeremy Fields. Fields testified to the contrary.

Ground One

Cash argues that the trial court erred in summarily denying his claim that a State witness provided perjured testimony on the witness stand in violation of Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). To establish a violation under Giglio, the defendant must show that (1) the testimony was false, (2) the prosecutor knew that the testimony was false, and (3) the testimony was material. Guzman v. State, 868 So.2d 498, 505 (Fla.2003).
Cash presented the sworn affidavit of Terry Moss, the owner of Moss Automotive, in which Moss stated that, prior to trial, he told the prosecutor that Jeremy Fields admitted to giving Cash the keys to *831 the vehicle and that Fields, not Cash, stole the vehicle. Moss also stated that the prosecutor told him not to mention that Fields gave the vehicle to Cash when he testified. Fields testified at trial that Cash asked him to provide him with a vehicle, but that Fields denied the request. Fields also testified that Cash asked him to let him test drive a vehicle from the dealership so Cash could make a key, but Fields said no. Thus, Cash has established the first two prongs of a Giglio violation.
The State argues that Fields’ testimony was not material because how Cash obtained the vehicle was not relevant to either the State’s or the defendant’s theory.[1] According to Cash, the alleged theft of the vehicle from Moss Automotive became a feature of the trial. Thus, while Fields’ testimony may not have been relevant to the theory of the case, it was used to show that Cash was a vehicle thief who also lied on the stand when he testified that Fields gave him the vehicle.
Perjured testimony is material under Giglio unless it is harmless beyond a reasonable doubt or “if there is any reasonable likelihood that the false testimony could have affected the judgment.” Id. at 508. The State bears the burden of showing that the testimony was not material. Id. While Fields’ testimony may not have helped the State establish the elements of the crime, it certainly gave the jury the impression that Cash was a vehicle thief and a liar. Cash’s credibility was central to his defense that he committed the shooting in the course of defending himself from a carjacking. Accordingly, the State has not shown that Fields’ testimony could not have affected the judgment, and we reverse and remand for an evidentiary hearing on this issue in which the State may refute Moss’ affidavit and the court may conduct a more thorough review of the materiality of the testimony based on a full record.

Ground Nine

Cash argues that the trial court erred in summarily denying his claim that defense counsel was ineffective for failing to request the proper self-defense jury instruction. Cash claims that defense counsel should have requested the self-defense instruction for carjacking and not aggravated battery because the facts did not support an aggravated battery. The trial court denied the claim based on the State’s assertion that the evidence did not support Cash’s carjacking theory because Cash did not have “custody” of the vehicle at the time of the crime.
“ ‘Carjacking’ means the taking of a motor vehicle which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the motor vehicle, when in the course of the taking there is the use of force, violence, assault, or putting in fear.” § 812.133(1), Fla. Stat. (1997). The victim does not have to be the owner of the motor vehicle, but must have custody of the vehicle at the time of the offense. Id.; see also Fla. Std. Jury Instr. (Crim.) 15.2.
The State relies on Gaiter v. State, 824 So.2d 956 (Fla. 3d DCA 2002), to support its argument. However, Gaiter is distinguishable from this case. In that case, the defendant was charged with robbing a landlord of a bicycle that was chained to a basketball hoop pole on the landlord’s *832 property.[2] Id. at 956-57. The court held that the landlord did not have custody of the bicycle because it was owned by a tenant and the landlord had not been granted care, possession, or control of the bicycle. In this case, however, Cash testified that Jeremy Fields loaned him the vehicle. According to Cash’s testimony, he had possession and control of the vehicle at the time of the crime. Therefore, the trial court erred in summarily denying Cash’s claim on this basis. On remand, the court shall reconsider the claim and either attach record documents that refute the claim or conduct an evidentiary hearing on the matter.

Ground Thirteen

Cash argues that the trial court erred in summarily denying his claim that defense counsel was ineffective for failing to make a contemporaneous objection to the testimony regarding vehicle theft being introduced at trial. Cash asserted that defense counsel raised the issue in a motion in limine but did not object at trial until after the two witnesses had already testified. Cash claimed that this failure to contemporaneously object precluded review of the issue on direct appeal.
At the time of Cash’s crime, a motion in limine was not sufficient to preserve an issue for appeal absent a contemporaneous objection at trial.[3] See Coffee v. State, 699 So.2d 299, 300 (Fla. 2d DCA 1997). While an objection did not have to be made at the exact moment of the impermissible line of inquiry, it must have been made at some point during the impermissible line of questioning. Evans v. State, 800 So.2d 182, 188 (Fla.2001); Jackson v. State, 451 So.2d 458, 461 (Fla.1984). Thus, if defense counsel did not object to the admission of the testimony regarding vehicle theft at some point during the testimony, the issue was not preserved for review, and counsel’s performance was deficient.
The court denied the claim based on its conclusion that the issue was already raised on direct appeal. However, the issue on direct appeal was the propriety of the testimony regarding vehicle theft, not counsel’s ineffectiveness for failing to preserve the issue for review. Cash has stated a facially sufficient claim for relief, and he is therefore entitled to an evidentiary hearing on the ground.
Affirmed in part; reversed in part; and remanded.
CASANUEVA and SILBERMAN, JJ., Concur.

. This argument is interesting in light of the State's argument at trial that the evidence of the vehicle theft was relevant to the case.

. The robbery statute contains the same custody requirement as stated in the carjacking statute. See § 812.13(1), Fla. Stat. (1997).

. We note that a party is no longer required to renew an objection made in a motion in limine at trial. See § 90.104(1), Fla. Stat. (2003).