FILED

NOT FOR PUBLICATION

JUN 19 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MABON DEMETRIC JAMES, | No. 17-55977 |
| Petitioner-Appellant, | D.C. No. 5:15-cv-01956-SJO-PLA |
| v. | |
| SCOTT KERNAN, CDCR Secretary, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted June 14, 2019**
Pasadena, California

Before: WARDLAW, BYBEE, and MILLER, Circuit Judges.

Mabon Demetric James filed a habeas petition challenging his state

conviction for second degree robbery, asserting there was insufficient evidence that

the victim had constructive possession of the stolen property. The district court

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

dismissed his petition; and James appeals.  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review the denial of a habeas petition de novo.  *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004).  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we grant a habeas petition only if the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254(d). "[W]here a federal habeas corpus claimant alleges that his state conviction is unsupported by the evidence," we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Lewis v. Jeffers*, 497 U.S. 764, 781 (1990) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  After AEDPA, we apply this standard "with an additional layer of deference." *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005).

Under California law, to establish robbery, the state must show that the property was in the victim's actual or constructive possession.  *See People v. Nguyen*, 14 P.3d 221, 226 (Cal. 2001); Cal. Penal Code § 211.  A person has

2

constructive possession of property when she "[has] a 'special relationship' with the owner of the property such that the victim had authority or responsibility to protect the stolen property on behalf of the owner." *People v. Scott*, 200 P.3d 837, 841 (Cal. 2009). In *People v. Bekele*, the court found the victim had constructive possession when the owner said, "[l]et's stop . . . [t]here is somebody in my truck," and then "[t]he two of them acted in concert to interrupt the burglary." 39 Cal. Rptr. 2d 797, 798–99 (Ct. App. 1995), *disapproved of on other grounds by People v. Rodriguez*, 971 P.2d 618, 625 (Cal. 1999). The court explained that this statement showed the "obvious implication" that the owner wanted the victim "to help safeguard [his] property." *Id.* at 799. Thus, the court held, the victim "had a representative capacity with respect to [the] property, in that he had implied authority from [the property owner] to take action to prevent its theft," which was sufficient to establish constructive possession. *Id.*

Here, the owner specifically told the victim, who was her close friend, "[m]y car's unlocked. My purse is in there. You need to go back to the car." This statement showed the "obvious implication" that owner wanted the victim "to help safeguard [her] property" and provided implied authority for her to do so. Viewing this evidence "in the light most favorable to the prosecution," a rational factfinder could find that the victim had constructive possession of the property. *Lewis*, 497

3

U.S. at 781. Thus the state court's decision was not "objectively unreasonable" under AEDPA. *See Howard v. Clark*, 608 F.3d 563, 568 (9th Cir. 2010); *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (explaining that to find a state court's decision objectively unreasonable on AEDPA review, that decision must have been "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement").

**AFFIRMED.**