Filed 12/3/21  P. v. Lopez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FELIX LOPEZ,<br><br>Defendant and Appellant. | F079905<br><br>(Super. Ct. No. 1076152)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Scott T. Steffen, Judge.

Victor J. Morse, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Michael A. Canzoneri, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]	Before Detjen, Acting P. J., Snauffer, J. and De Santos, J.

## INTRODUCTION

In 2008, a jury found petitioner Felix Lopez guilty of the murder of Michael Valles.[1] (Pen. Code,[2] § 187; count 1.) (*People v. Lopez* (2012) 208 Cal.App.4th 1049, 1060-1061 (*Lopez*).) In 2019, petitioner filed a petition for resentencing pursuant to section 1170.95. The trial court denied the petition on the ground petitioner was convicted under the provocative act doctrine and was not convicted of felony murder or murder under a natural and probable consequences theory, a statutorily disqualifying factor pursuant to section 1170.95, subdivision (a).

On appeal, petitioner contends his murder conviction under the provocative act doctrine qualifies for resentencing. We reject petitioner's contention and affirm.

## FACTUAL AND PROCEDURAL HISTORY

Briefly stated, the facts underlying petitioner's offense are as follows.[3] In January 2004, Paul Bargas accompanied a friend to the apartment of Daniel Lopez.[4] Daniel said, " '[T]hat's Paul Bargas. He's no good. Green light on Paul Bargas.' " (*Lopez*, *supra*, 208 Cal.App.4th at p. 1053.) Testimony established that the phrases " 'no good' " and " 'green light' " indicated a gang member could attack or possibly murder the person. (*Id*. at p. 1056.) Bargas left the apartment and was followed by Daniel and two other men. An altercation ensued in which Bargas stabbed Daniel in the arm with a screwdriver. (*Ibid*.)

---

[1]     Petitioner was convicted of additional offenses as described below.

[2]     Undesignated statutory references are to the Penal Code.

[3]     We grant in part the People's request for judicial notice and take judicial notice of our opinion in petitioner's direct appeal. Our factual summary is taken from that opinion. However, we deny as irrelevant the People's request for judicial notice of petitioner's opening brief in that same appeal. (*People v. Young* (2005) 34 Cal.4th 1149, 1171, fn. 3 [judicial notice cannot be taken of any matter that is irrelevant].)

[4]     There is no apparent relation between Daniel Lopez and petitioner. To avoid confusion, we will refer to Daniel Lopez by his first name.

The next day, Daniel and petitioner went to a tattoo shop owned by Bargas's friend. Petitioner told the shop owner that Bargas was no good and to call petitioner if Bargas came to the shop. (*Lopez*, *supra*, 208 Cal.App.4th at p. 1054.)

The following day, Bargas came to the tattoo shop. Petitioner arrived a few minutes later with Michael Valles. Petitioner identified Bargas and said he was no good. Petitioner pulled a gun and aimed it at Bargas. Bargas, who also was armed, shot at both men, striking Valles five times. Petitioner ran away while shooting back at Bargas. Petitioner was shot at least twice and survived. Bargas was shot in the foot and also survived. It was undisputed at trial that Valles died from gunshot wounds inflicted by Bargas. (*Lopez*, *supra*, 208 Cal.App.4th at pp. 1054, 1055-1060.)

Petitioner was charged with the murder of Valles (§ 187; count 1), discharge of a firearm at an occupied building (§ 246; count 2), being a felon in possession of a firearm (former § 12021.1; count 3), active participation in a criminal street gang (§ 186.22, subd. (a); count 4), and attempting to dissuade a witness from testifying (§ 136.1, subd. (a)(2); count 5). The information also alleged that petitioner committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1); counts 1, 2, 3, & 5), suffered a prior strike conviction (§ 667, subds. (b)-(i); all counts), suffered a prior serious felony conviction (§ 667, subd. (a); all counts), served two prior prison terms (§ 667.5, former subd. (b); all counts), and committed the crime while on bail for another offense (§ 12022.1; count 5). (*Lopez*, *supra*, 208 Cal.App.4th at pp. 1060-1061.)

A jury found petitioner guilty of all charges and found all enhancements true. Petitioner admitted the prior conviction allegations. He was sentenced to a determinate term of eight years four months and a consecutive indeterminate term of 50 years to life. (*Lopez*, *supra*, 208 Cal.App.4th at p. 1061.)

On February 26, 2019, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1170.95. In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be

3.

prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder at trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019.

On February 27, 2019, the court appointed counsel to represent petitioner.

On May 10, 2019, the People filed a combined opposition on the merits and motion to dismiss the petition on the ground section 1170.95 is unconstitutional. On the merits, the People argued petitioner was not convicted of felony murder or murder under a natural and probable consequences theory, but rather under the implied malice theory of provocative act murder. Accordingly, the People argued, petitioner was ineligible for resentencing. On May 24, 2019, petitioner filed a reply, arguing the provocative act doctrine is a form of the natural and probable consequences theory, which had been eliminated. On August 19, 2019, the People filed a supplemental brief in support of denying the petition.[5]

On August 26, 2019, the court held a hearing on the petition. Therein, the court stated it had reviewed its own notes of the trial, as well as portions of the transcripts and jury instructions that had been submitted by the parties, all of which indicated petitioner was a major participant in the offense. Additionally, the record reflected that petitioner acted with at least implied malice, and the conviction therefore did not implicate the felony-murder rule or the natural and probable consequences doctrine. Accordingly, the court determined the prosecution had proved beyond a reasonable doubt that petitioner was ineligible for resentencing, and the petition was denied.

---

[5]     The People's brief appears to have been submitted in preparation for an evidentiary hearing. (See § 1170.95, subd. (d).) However, the record does not reflect that the court had determined whether petitioner stated a prima facie claim for resentencing relief, or that the court had issued an order to show cause that would trigger an evidentiary hearing. (§ 1170.95, subd. (c).)

This timely appeal followed.

## DISCUSSION

**I.      Senate Bill No. 1437 (2017-2018 Reg. Sess.) and Section 1170.95**

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Sen. Bill No. 1437) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill accomplished this task by adding three separate provisions to the Penal Code.  (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)  First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder.  (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.)  Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[6]  (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

---

[6]      Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer.  (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

Finally, the bill "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above."**7** (*Gentile*, at p. 843.)

"Section 1170.95 lays out a process for a person convicted of felony murder or murder under a natural and probable consequences theory to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, "an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subd[]. (a)(1)-(3); see also § 1170.95, subd. (b)(1)(A).) Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).) If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.' (§ 1170.95, subd. (b)(2).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Where the petition complies with the requirements of section 1170.95, subdivision (b)(1), counsel must be appointed, if requested. The prosecutor must file a response and the petitioner may file a reply. The trial court must then review the petition to determine

---

**7** The Legislature recently passed, and the Governor signed, a bill amending section 1170.95. (Sen. Bill No. 775 (2021-2022 Reg. Sess.).) The amendments are not yet effective (Cal. Const., art. IV, § 8, subd. (c)(1)) and, in any event, would not alter our analysis of the issues raised in this petition. We quote from the version of section 1170.95 presently in effect.

if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) In making this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at pp. 971-972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts. (§ 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must 'prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).) 'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' (*Ibid.*)" (*Gentile*, *supra*, 10 Cal.5th at p. 853.)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II. Petitioner is Ineligible for Resentencing

It is undisputed that petitioner was convicted of murder under the provocative act doctrine. (*People v. Lopez* (Aug. 22, 2012, F062740) [nonpub. opn.].) Petitioner contends he is eligible for resentencing because his conviction under the provocative act doctrine is no longer valid due to changes to sections 188 and 189 enacted by Senate Bill No. 1437. We conclude the provocative act doctrine is unaffected by the changes to

sections 188 and 189, and petitioner therefore is ineligible for resentencing under section 1170.95.

Murder under the provocative act doctrine is not a type of murder expressly identified as eligible for resentencing under section 1170.95. (See § 1170.95, subd. (a).) Rather, to be eligible for relief pursuant to section 1170.95, a person must have been convicted of felony murder or murder under a natural and probable consequences theory. (§ 1170.95, subd. (a); accord, *Gentile*, *supra*, 10 Cal.5th at p. 853.) Nonetheless, petitioner contends that a conviction for murder under the provocative act doctrine qualifies for resentencing because the provocative act doctrine "is a sub-species of the natural and probable consequences doctrine of murder liability."

"For good reason, the argument provocative act murder is properly understood as a subset of the natural and probable consequences doctrine for purposes of Senate Bill [No.] 1437 and section 1170.95 has been rejected by every [C]ourt of [A]ppeal that has considered it . . . ." (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 867 (*Mancilla*); see *People v. Swanson* (2020) 57 Cal.App.5th 604, 613-614, abrogated on another ground by *Lewis*, *supra*, 11 Cal.5th at p. 967; *People v. Johnson* (2020) 57 Cal.App.5th 257, 267-270; *People v. Lee* (2020) 49 Cal.App.5th 254, 263-267, abrogated on another ground by *Lewis*, *supra*, 11 Cal.5th at p. 967.)[8] We agree with those decisions.

Prior to the passage of Senate Bill No. 1437, an aider and abettor to a crime other than murder could have malice imputed to him or her based on his or her participation in a crime of which murder was a natural and probable consequence. (*People v. Chiu*

_____

[8] To the extent petitioner argues he is entitled to resentencing because his jury was not instructed to find he intended to kill Valles or was a major participant in the offense who acted with reckless indifference to human life, his argument is misplaced. These are elements of felony murder, not provocative act murder. (See § 189, subd. (e).) Petitioner does not argue his conviction for provocative act murder also constituted a conviction for felony murder. Nonetheless, courts have rejected this argument as well. (*Swanson*, *supra*, 57 Cal.App.5th at pp. 616-617; *Johnson*, *supra*, 57 Cal.App.5th at p. 266; *Lee*, *supra*, 49 Cal.App.5th at pp. 263-264.)

(2014) 59 Cal.4th 155, 164, abrogated on another ground by Sen. Bill No. 1437.)  Thus, "[a]ider and abettor culpability under the natural and probable consequences doctrine [was] vicarious in nature."  (*Chiu*, at p. 164.)  Senate Bill No. 1437 eliminated this form of imputed malice murder by amending section 188 to provide:  "Malice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)

However, provocative act murder is not a form of imputed malice murder, but of implied malice murder.  (*People v. Cervantes* (2001) 26 Cal.4th 860, 867; *People v. Mai* (1994) 22 Cal.App.4th 117, 124 ["an element of the provocative act doctrine is implied malice"], disapproved on other grounds in *People v. Nguyen* (2000) 24 Cal.4th 756, 758.)  "The classic provocative act scenario occurs when a perpetrator of the underlying crime instigates a gun battle, usually by firing first, and a police officer, or victim of the underlying crime, responds with privileged lethal force by returning fire and kills the perpetrator's accomplice . . . ."  (*People v. Mejia* (2012) 211 Cal.App.4th 586, 602-603.)  " 'In such a case, the killing is attributable, not merely to the commission of a felony, but to the intentional act of the defendant or his accomplice committed with conscious disregard for life.' "  (*People v. Gonzalez* (2012) 54 Cal.4th 643, 655 (*Gonzalez*).)

"Thus, section 188, subdivision (a)(3), which provides malice shall not be imputed to a person based solely on his or her participation in a crime, does not affect the theory of provocative act murder.  Unlike natural and probable consequences liability for murder, which contained no requirement of proof of malice [citation], malice aforethought—conscious disregard for life—is a necessary element of a conviction for provocative act murder, as [petitioner's] jury was instructed."  (*Mancilla*, *supra*, 67 Cal.App.5th at p. 868.)

Petitioner also suggests a jury instruction on the provocative act doctrine allowed him to be convicted under a natural and probable consequences theory.  The challenged instruction provides, in relevant part:

9.

"To prove that the defendant is guilty of murder under the provocative act doctrine, the People must prove that:

"1.     In attempting to commit the Murder of Paul Bargas, the defendant intentionally did a provocative act;

"2.     The defendant knew that the natural and probable consequences of the provocative act were dangerous to human life and then acted with conscious disregard for life;

"3.     In response to the defendant's provocative act, Paul Bargas killed Michael Valles;

"AND

"4.     Michael Valles's death was the natural and probable consequence of the defendant's provocative act.

"A *provocative act* is an act:

"Whose natural and probable consequences are dangerous to human life, because there is a high probability that the act will provoke a deadly response.

"In order to prove that Michael Valles's death was the natural and probable consequence of the defendant's provocative act, the People must prove that:

"1.     A reasonable person in the defendant's position would have foreseen that there was a high probability that his or her act could begin a chain of events resulting in someone's death;

"2.     The defendant's act was a direct and substantial factor in causing Michael Valles's death;

"AND

"3.     Michael Valles's death would not have happened if the defendant had not committed the provocative act.

[¶] . . . [¶]

"The People allege that the defendant committed the following provocative act:

"He entered the . . . Tattoo Parlor armed with a loaded .45 caliber pistol, declared to his companion, Michael Valles, 'This is

10.

Paul Bargas. He is no good,' and drew his .45 caliber pistol inside the Tattoo Parlor.

"You may not find the defendant guilty unless you all agree that the People have proved that the defendant committed that provocative act."

Although the "natural and probable consequences" language of the instruction is seemingly similar to the natural and probable consequences theory of murder, the two represent distinct concepts. The "natural and probable consequences" language of the provocative act instruction is necessary to ensure that the jury finds that a defendant's own conduct proximately caused the victim's death. (*Mancilla*, *supra*, 67 Cal.App.5th at p. 868; accord, *People v. Concha* (2009) 47 Cal.4th 653, 661 [" 'In all homicide cases in which the conduct of an intermediary is the actual cause of death, the defendant's liability will depend on whether it can be demonstrated that his own conduct proximately caused the victim's death . . . .' [Citation.] '[I]f the eventual victim's death is not the natural and probable consequence of a defendant's act, then liability cannot attach.' " (italics omitted)].) As stated, liability for murder under the provocative act doctrine additionally requires the defendant act with at least implied malice. (*Gonzalez*, *supra*, 54 Cal.4th at p. 655.)

In contrast, an accomplice whose liability for murder is premised on the natural and probable consequences doctrine "need only intend to aid a different, less serious 'target' crime," the natural and probable consequence of which is murder. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055-1057, abrogated on another ground by *Lewis*, *supra*, 11 Cal.5th at p. 967.) The natural and probable consequences doctrine does not require actual knowledge by the perpetrator that his or her act is dangerous to human life, only "that a reasonable person [would] foresee that the nontarget offense is a natural consequence of the target offense." (*People v. Canizalez* (2011) 197 Cal.App.4th 832, 848.)

11.

Here, the jury was not instructed on the natural and probable consequence doctrine or any target crime upon which murder based on a natural and probable consequences theory could be predicated. The jury thus was not permitted to convict petitioner under an imputed malice theory eliminated by Senate Bill No. 1437. The "natural and probable consequences" language of the provocative act instruction does not transform petitioner's conviction for provocative act murder into one under the natural and probable consequences doctrine.

Accordingly, petitioner is ineligible for relief as a matter of law, and the petition was properly denied.

## DISPOSITION

The order is affirmed.

12.