DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JESSE ALONSO,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-2304

_____

July 9, 2025

Appeal from the Circuit Court for Pasco County; Mary M. Handsel,
Judge.

Blair Allen, Public Defender, and Jeri Delgado, Assistant Public
Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Helene S. Parnes,
Senior Assistant Attorney General, Tampa, for Appellee.


SLEET, Judge.

Jesse Alonso appeals from his judgment and sentence for resisting
arrest with violence. We find no merit in Alonso's argument that the trial
court erred in admitting certain evidence at trial, and accordingly, we

affirm his conviction.[1]  Additionally, any error in the trial court's determining that Alonso met the statutory requirements to be designated a prison releasee reoffender and a habitual felony offender is harmless based on the record before us.  *See Jackson v. State*, 4D2024-0819, 2025 WL 1119094, at *1, *6 (Fla. 4th DCA Apr. 16, 2025) (concluding that any error in failing to submit sentence enhancement factors to the jury pursuant to *Erlinger v. United States*, 602 U.S. 821 (2024), was harmless where State's evidence " 'demonstrates beyond a reasonable doubt that a rational jury would have found' that appellant qualified [for the sentence enhancement]" (quoting *Galindez v. State*, 955 So. 2d 517, 523 (Fla. 2007))); *Ashford v. State*, 5D2024-0070, 2025 WL 727808, at *1 (Fla. 5th DCA Mar. 7, 2025) (reviewing prison releasee reoffender sentence and concluding that if any *Erlinger* "error occurred here, such an error would be harmless"); *Capra v. State*, 403 So. 3d 1063, 1064 (Fla. 5th DCA 2025) ("[E]ven if the [habitual violent felony offender] sentence was

---

[1] Both Alonso and the State framed this argument as one of fundamental error.  However, we need not conduct a fundamental error analysis as Alonso preserved this issue for appellate review by raising it in a motion in limine.  *See* § 90.104(1), Fla. Stat. (2023) ("If the court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." (emphasis added)); *Suiter v. State*, 2D2024-0337, 2025 WL 938602, at *1 (Fla. 2d DCA Mar. 28, 2025) ("The parties vigorously argued the motion in limine before trial.  The trial court ruled.  Mr. Suiter did not lodge an objection *during* [the witness's] trial testimony. . . .  [A] contemporaneous objection would not have been out of line.  But it was unnecessary." (underlined emphasis added) (citation omitted)); *see also Cash v. State*, 875 So. 2d 829, 832 n.3 (Fla. 2d DCA 2004) ("[A] party is no longer required to renew an objection made in a motion in limine at trial." (citing § 90.104(1), Fla. Stat. (2003)))).  Rather, we have concluded that the trial court did not abuse its discretion in making these evidentiary rulings.  *See Dessaure v. State*, 891 So. 2d 455, 466 (Fla. 2004) ("A trial judge's ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion.").

rendered in error, the error is harmless on this record."); *cf. Galindez*, 955 So. 2d at 522-23 (holding that harmless error analysis applies to error alleged pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny). We therefore also affirm Alonso's sentence.

Affirmed.

MORRIS and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.