Filed 5/1/20 Certified for Publication 5/22/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. KENNY INKWON LEE, Defendant and Appellant. | B297928 (Los Angeles County Super. Ct. No. BA079332) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and David W. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Kenny InKwon Lee appeals from the trial court's denial of his petition under Penal Code[1] section 1170.95. That statutory section permits defendants convicted of murder under the felony murder rule or natural and probable consequences doctrine to petition for resentencing based on changes to the Penal Code enacted under Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015).

Our opinion from Lee's original appeal in 1996 indicates he was not convicted under either of these two theories, but instead was convicted under the provocative act doctrine. Provocative act murder requires proof of malice, which distinguishes it from felony murder and natural and probable consequences murder. Lee therefore is not entitled to resentencing under section 1170.95.

Accordingly, we affirm.

## FACTUAL BACKGROUND

We quote the summary of the facts in our 1996 opinion (1996 opinion) addressing Lee's appeal from his conviction. (*People v. Lee* (May 28, 1996, B088132 [nonpub. opn.])[2]

"Three men arrived at a shopping center in a red sports car. While the driver (Chul Woong Choi) waited in the car, Lee and Joo Hyung Woo got out and went into a video store. Outside, a suspicious security guard (Agustin Nolasco) started to write down

---

[1] Undesignated statutory citations are to the Penal Code.

[2] We granted Lee's request to take judicial notice of our 1996 opinion. Apart from that opinion, the record before us does not contain any of the trial or appellate record pertaining to Lee's original conviction.

the sports car's license number. Inside, Lee and Woo pointed guns at the video store's two employees, dragged them to the back of the store, beat them, and took their money and personal belongings. Lee and Woo then ransacked the store and took money from the cash register." (*People v. Lee*, *supra*, B088132, at p. *2.)

"Impatient, Choi (who was also carrying a gun) got out of the sports car, tried to open the door to the video store, and yelled to Lee and Woo, 'Hey, let's go.' As Lee and Woo ran out of the store, Nolasco (the guard) stepped out of his car and yelled (in English), 'What's going on?' In response, Lee and Choi pointed their guns at Nolasco and Nolasco, in turn, ducked down behind his open car door and grabbed his gun from his car. Lee and Woo got into the sports car and when Nolasco raised his head to see what was going on, Choi (then halfway into the driver's seat of the sports car) fired a shot at Nolasco. Nolasco shot back twice, hitting Choi. Lee (who was sitting next to Choi) stepped on the accelerator and, while shooting at Nolasco, drove slowly out of the parking lot." (*People v. Lee*, *supra*, B088132, at p. *2.)

"Nolasco ran into the video store, made sure everyone was all right, then went back outside where he found Choi's dead body face down on the ground where he had been dumped by Lee and Woo." (*People v. Lee*, *supra*, B088132, at p. *3.)

## PROCEDURAL BACKGROUND

### 1. Trial, conviction, and appeal

Lee and Woo "both were charged with Choi's murder, three counts of robbery, the attempted murder of Nolasco, and a variety of firearm enhancements." (*People v. Lee*, *supra*, B088132, at p. *3.) Woo was granted immunity to testify against Lee,

although he ultimately was not called as a witness.  (*Ibid.*)  After a jury trial, Lee was convicted of first degree murder, attempted murder, two counts of robbery, and one count of receiving stolen property, with enhancements.  (*Id.* at pp. *2–*3.)

Lee's conviction for murder was based on the "provocative act" doctrine.  (*People v. Lee, supra*, B088132, at p. *3.)  Appealing from that conviction, Lee argued there was insufficient evidence to show that Lee committed a provocative act that was the proximate cause of Choi's death.  (*Ibid.*)  Lee argued the evidence instead showed that it was Choi pointing his gun at Nolasco that led to Nolasco shooting Choi.  (*Id.* at p. *4.)

We rejected this argument, concluding that Nolasco's testimony at trial made clear that it was both Lee's and Choi's pointing their guns at Nolasco that caused him to reach for his own gun and shoot back, killing Choi.  (*People v. Lee, supra*, B088132, at p. *5.)  Thus, there was sufficient evidence that Lee's conduct was a "substantial factor in causing the shooting, and the fact that Choi's own conduct was also a contributing factor does not relieve Lee of criminal responsibility for this killing." (*Ibid.*)

We further held that the jury was properly instructed "that a murder 'which occurs during the commission or attempt to commit the crime of robbery, when there was in the mind of the perpetrators of such crime the specific intent to commit robbery, is murder of the first degree,' " citing former section 189.  (*People v. Lee, supra*, B088132, at p. *6.)  Lee argued that "because the felony-murder rule does not apply to provocative-act killings for the purpose of proving malice aforethought, the felony-murder rule ought not to have anything to do with determining the degree of a provocative-act murder."  (*Id.* at pp. *6–*7.)  We held

4

that Lee's argument was contrary to established law under *People v. Gilbert* (1965) 63 Cal.2d 690, 705 (*Gilbert*), reversed on other grounds by *Gilbert v. California* (1967) 388 U.S. 263.

After rejecting Lee's other claims of error, we affirmed the judgment. (*People v. Lee, supra*, B088132, at pp. *7–*8.)

## 2.     Petition for resentencing

In February 2019, Lee filed a petition for resentencing pursuant to section 1170.95. Lee checked boxes on the petition form indicating that he was convicted of first or second degree murder under the felony murder rule or the natural and probable consequences doctrine, and could not now be convicted of murder because of changes to sections 188 and 189 effective January 1, 2019. As to his specific conviction, Lee checked the box indicating he was convicted for first degree felony murder; he did not check the box indicating a conviction for second degree murder under the natural and probable consequences or second degree felony murder doctrines.

The trial court denied the petition without Lee present or represented by counsel. The trial court found that Lee's jury was instructed on provocative act murder, conviction for which requires a finding of "at least implied malice." The trial court further found that Lee's jury was instructed that it could not convict Lee of attempted murder unless he had express malice.[3]

---

[3] The record before us does not contain the jury instructions for Lee's trial, and our 1996 opinion does not discuss any instructions for attempted murder. The trial court may have reviewed additional documents not in our current appellate record. Because our 1996 opinion provides sufficient information to resolve this appeal, any discrepancy between what the

5

The trial court concluded that in regard to Lee's murder conviction, "defendant had implied malice," and therefore was ineligible for relief under section 1170.95.

Lee timely appealed.

## DISCUSSION

Lee argues his petition stated a prima facie basis for relief under section 1170.95, and the trial court erred in concluding otherwise. We disagree. We begin with a discussion of Senate Bill No. 1437, the legislation enacting section 1170.95. (Stats. 2018, ch. 1015, § 4.)

### A.    Senate Bill No. 1437

As a general matter, a defendant may not be convicted of murder absent proof that he or she unlawfully killed a human being "with malice aforethought," either express or implied. (§§ 187, subd. (a), 188, subd. (a).) Prior to the enactment of Senate Bill No. 1437, however, both the felony murder rule and the natural and probable consequences doctrine provided theories under which a defendant could be found guilty of murder without proof of malice.

Under the felony murder rule, a defendant could be convicted of murder " ' "when the defendant or an accomplice kill[ed] someone during the commission, or attempted commission, of an inherently dangerous felony . . . ." ' " (*People v. Powell* (2018) 5 Cal.5th 921, 942 (*Powell*).) " ' "If the felony is

_____

trial court reviewed and what is before us on appeal is immaterial.

6

listed in section 189, the murder is of the first degree;[4] if not, the murder is of the second degree." ' " (*Ibid.*) Prior to the enactment of Senate Bill No. 1437, "[f]elony-murder liability d[id] not require an intent to kill, or even implied malice, but merely an intent to commit the underlying felony." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 654 (*Gonzalez*).)

Similarly, under the natural and probable consequences doctrine, "a person who knowingly aided and abetted a crime, the natural and probable consequence of which was murder or attempted murder, could be convicted of not only the target crime but also of the resulting murder or attempted murder. [Citations.] 'This was true irrespective of whether the defendant harbored malice aforethought. Liability was imposed " 'for the criminal harms [the defendant] . . . naturally, probably, and foreseeably put in motion.' " ' " (*People v. Munoz* (2019) 39 Cal.App.5th 738, 749, review granted on other grounds Nov. 26, 2019, S258234.) The natural and probable consequences doctrine "is not an implied malice theory; the mens rea of the aider and abettor with respect to the [murder or attempted murder], actual or imputed, is irrelevant." (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1102 (*Lopez*), review granted on other grounds Nov. 13, 2019, S258175.)

The Legislature enacted Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable

---

**4** Section 189, subdivision (a), reads, in relevant part, "All murder . . . that is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 287, 288, or 289, or former Section 288a, . . . is murder of the first degree."

7

consequences doctrine, as it relates to murder," such that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1(f), (g).)

The bill significantly limited the felony murder rule by adding subdivision (e) to section 189. (Stats. 2018, ch. 1015, § 3.) That subdivision provides that "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[5]

Senate Bill No. 1437 also eliminated liability for murder under the natural and probable consequences doctrine. (*Lopez*, *supra*, 38 Cal.App.5th at p. 1092.) It did so by amending section 188, which now provides, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018,

---

[5] "Subdivision (e) does not apply to a defendant when the victim is a peace officer who was killed while in the course of the peace officer's duties, where the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of the peace officer's duties." (§ 189, subd. (f).)

ch. 1015, § 2; see *Lopez*, at pp. 1102–1103.)  In short, after the enactment of Senate Bill No. 1437, a defendant cannot be convicted of murder absent a showing of malice, with the exception of felony murder as limited by section 189, subdivision (e).  (See *Lopez*, at p. 1102.)

## B.    Section 1170.95

Section 1170.95 permits "[a] person convicted of felony murder or murder under a natural and probable consequences theory" to petition the trial court for resentencing if, among other things, "[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189" effected under Senate Bill No. 1437.  (§ 1170.95, subd. (a)(3).)  After confirming that the petition contains the statutorily required information, "[t]he [trial] court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section."  (*Id.*, subd. (c); see *id.*, subd. (b)(2) [court may deny petition without prejudice if statutorily required information is missing from petition].)  If the trial court determines the petitioner has made an adequate prima facie showing, the court must appoint counsel for the petitioner and conduct further proceedings as set forth in the statute.  (§ 1170.95, subds. (c)–(e); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 332–333 (*Verdugo*), review granted Mar. 18, 2020, S260493; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1140 (*Lewis*), review granted Mar. 18, 2020, S260598.)

This division and others have held that in determining whether a petitioner has made a prima facie showing for purposes of section 1170.95, the trial court may review the record of conviction, including the opinion from the petitioner's original appeal from his or her conviction.  (*Lewis*, *supra*, 43 Cal.App.5th

at pp. 1137–1138; accord, *Verdugo*, *supra*, 44 Cal.App.5th at pp. 329–330, 333; see *People v. Cornelius* (2020) 44 Cal.App.5th 54, 57–58 [affirming denial of section 1170.95 petition when "the verdict, the trial transcript and the prior appeal" indicated petitioner could not make a prima facie showing for relief] (*Cornelius*), review granted Mar. 18, 2020, S260410.)

We acknowledge that the Supreme Court has granted review in *Lewis* to decide (1) whether the trial court properly may consider the record of conviction when ruling on a petitioner's prima facie showing under section 1170.95, and (2) when in the process outlined under that section the right to appointed counsel arises. (See *Lewis*, *supra*, S260598.) The Supreme Court also has granted review in *Verdugo* and *Cornelius*, deferring further action pending disposition of the issues in *Lewis*. (See *Verdugo*, *supra*, S260493; *Cornelius*, *supra*, S260410.)

Lee, however, gives us no reason not to follow *Lewis*. Lee does not cite or discuss *Lewis*, *Verdugo*, or *Cornelius* in his appellate briefing, although the Attorney General invoked those cases in the respondent's brief. Lee himself requested we take judicial notice of our 1996 opinion, which he cites in his briefing, thus acknowledging that the record of conviction properly may be considered when evaluating the adequacy of his prima facie showing. Lee quotes section 1170.95's requirement that the trial court appoint counsel, but makes no argument as to whether that appointment must occur before the trial court assesses the petitioner's prima facie showing. Pending further guidance from the Supreme Court, therefore, we apply our holding in *Lewis*.

**C.    Lee is not eligible for resentencing under section 1170.95 for provocative act murder**

Having laid out the applicable legal principles underlying section 1170.95, we review Lee's record of conviction—in this case our 1996 opinion—to determine if the trial court correctly concluded that Lee is ineligible for relief under section 1170.95.

We hold that the trial court reached the correct conclusion. Lee was not convicted of murder under either a felony murder or natural and probable consequences theory, but under the provocative act doctrine, which permits a defendant to be "held liable for the killing of an accomplice by a third party." (*People v. Mejia* (2012) 211 Cal.App.4th 586, 602 (*Mejia*).)

"The provocative act doctrine is to be distinguished from the felony-murder rule." (*Gonzalez, supra*, 54 Cal.4th at p. 654.) The felony murder rule applies to killings "committed in the perpetration of, or attempt to perpetrate" certain crimes. (§ 189, subd. (a).) "When a killing is not committed by [the defendant] or by his accomplice but by his victim," however, "malice aforethought is not attributable to the [defendant], for the killing is not committed by him in the perpetration or attempt to perpetrate" the underlying felony. (*People v. Washington* (1965) 62 Cal.2d 777, 781 (*Washington*).) Thus, the felony murder rule cannot support a murder conviction when an accomplice is killed by a third party rather than by the defendant or another accomplice. (*Gonzalez*, at pp. 654–655; accord, *Washington*, at p. 781.)

Under such circumstances, the defendant may nonetheless be convicted of murder under the provocative act doctrine. "[W]hen the perpetrator of a crime maliciously commits an act that is likely to result in death, and the victim kills in reasonable

11

response to that act, the perpetrator is guilty of murder. [Citations.] 'In such a case, the killing is attributable, not merely to the commission of a felony, but to the intentional act of the defendant or his accomplice committed with conscious disregard for life.' " (*Gonzalez*, *supra*, 54 Cal.4th at p. 655.) "The classic provocative act scenario occurs when a perpetrator of the underlying crime instigates a gun battle, usually by firing first, and a police officer, or victim of the underlying crime, responds with privileged lethal force by returning fire and kills the perpetrator's accomplice . . . ." (*Mejia*, *supra*, 211 Cal.App.4th at pp. 602–603.)

Unlike felony murder or murder under the natural and probable consequences doctrine, "[a] murder conviction under the provocative act doctrine . . . requires proof that the defendant personally harbored the mental state of malice, and either the defendant or an accomplice intentionally committed a provocative act that proximately caused" the death of another accomplice.[6] (*Gonzalez*, *supra*, 54 Cal.4th at p. 655; see *Mejia*, *supra*, 211 Cal.App.4th at p. 603 ["With respect to the mental element of provocative act murder, a defendant cannot be vicariously liable; he must personally possess the requisite mental state of malice aforethought when he either causes the death through his provocative act or aids and abets in the underlying crime the

---

[6] The provocative act doctrine does not apply when the sole provocateur is the deceased accomplice. (*People v. Hunter* (2017) 15 Cal.App.5th 163, 171; see *Mejia*, *supra*, 211 Cal.App.4th at p. 603 [provocative act must be performed by defendant or a surviving accomplice].)

12

provocateur who causes the death," italics omitted].)[7]  The malice requirement for provocative act murder was well established in 1996 when we affirmed Lee's conviction.  (See, e.g., *People v. Mai* (1994) 22 Cal.App.4th 117, 124 ["an element of the provocative act doctrine is implied malice"], disapproved of on other grounds by *People v. Nguyen* (2000) 24 Cal.4th 756, 757; see also *Gilbert*, *supra*, 63 Cal.2d at pp. 703–704 [defendant's murder conviction based on police officer's killing of accomplice required proof of malice].)

Lee therefore cannot show that he "could not be convicted of first or second degree murder because of changes to Section 188 or 189" as required for relief under section 1170.95, subdivision (a)(3).  Section 188, as amended, establishes that "in order to be convicted of murder, a principal in a crime shall act with malice aforethought."  Because Lee was convicted of provocative act murder, the jury necessarily found he acted with malice aforethought.  Section 189, as amended, changed the felony murder rule, but Lee was not convicted under that rule.

---

    [7] *Mejia* notes that provocative act murder has both a physical and a mental element.  (*Mejia*, *supra*, 211 Cal.App.4th at p. 603.)  As discussed, the mental element is malice aforethought.  (*Ibid.*)  The physical element is the provocative act itself, defined in *Mejia* as "an act, the natural and probable consequence of which is the use of deadly forced by a third party." (*Ibid.*)  Although there is no vicarious liability as to the mental element, the defendant may be vicariously liable for the physical element:  "[A] participant in the underlying crime who does not actually commit a provocative act himself may nevertheless be vicariously liable for the killing caused by his provocateur accomplice based upon having aided and abetted commission of the underlying crime."  (*Ibid.*)

Although not entirely clear, Lee appears to dispute that he was convicted under the provocative act doctrine. He claims that our 1996 opinion establishes that he "did not initiate a gun battle," and it was Choi's shooting at the security guard that led to Choi's death. Lee claims he was instead convicted "as an aider an[d] abettor based on Choi's action during their mutual participation in a felony listed in section 189."

Lee misreads our 1996 opinion, which expressly stated he was convicted under the provocative act doctrine, and that it was both Choi's *and* Lee's conduct that caused Nolasco to fire his weapon and kill Choi. (*People v. Lee*, *supra*, B088132, at pp. *3–*5.) There is no indication that he was convicted under a felony murder theory, nor could he have been given that Choi was killed by a third party, Nolasco, not by Lee or the other accomplice, Woo. (See *Gonzalez*, *supra*, 54 Cal.4th at pp. 654–655.)

To the extent our 1996 opinion discussed the felony murder rule and section 189, it was in the context of Supreme Court authority holding that, although the felony murder rule does not provide a basis to convict a defendant of murder when a third party kills the defendant's accomplice, section 189 nonetheless is relevant in determining whether a provocative act murder is in the first or second degree. (*People v. Lee*, *supra*, B088132, at pp. *6–*7; see *Gilbert*, *supra*, 63 Cal.2d at p. 705 ["even though malice aforethought may not be implied under section 189 to make a killing murder unless the defendant or his accomplice commits the killing in the perpetration of an inherently dangerous felony [citations], when a murder is otherwise established, section 189 may be invoked to determine its degree"].)

14

Applying the above quoted rule from *Gilbert*, we rejected Lee's challenge to a jury instruction "that a murder 'which occurs during the commission or attempt to commit the crime of robbery, when there was in the mind of the perpetrators of such crime the specific intent to commit robbery, is murder of the first degree.'" (*People v. Lee, supra*, B088132, at pp. *6–*7.) Our discussion of the felony murder rule in this context does not establish that Lee was *convicted* of felony murder, as would be required under section 1170.95, and Lee does not argue otherwise. Nor does Lee argue that Senate Bill No. 1437 impacts the rule from *Gilbert*.[8]

Lee argues that "[p]rovocative act murder as charged in the instant case is a combination of felony murder and natural and probable consequence murder." In support, Lee quotes *People v. Concha* (2009) 47 Cal.4th 653 (*Concha*), in which our Supreme Court stated, "where the defendant perpetrates an inherently dangerous felony, the victim's self-defensive killing is a natural and probable response." (*Id.* at p. 661.)

The Supreme Court made this statement in the context of explaining that a conviction for provocative act murder requires proof of proximate causation. (See *Concha, supra*, 47 Cal.4th at p. 661 ["the defendant is liable only for those unlawful killings proximately caused by the acts of the defendant or his accomplice"].) There is no indication in *Concha* that the Supreme Court intended to suggest that provocative act murder was a subset of either felony murder or natural and probable consequences murder. Nor could it be, given that provocative act murder requires proof of malice, unlike the felony murder rule or

---

[8] Neither the current viability of the rule from *Gilbert* nor the correctness of our application of that rule in our 1996 opinion is at issue in this appeal, and we express no opinion as to either.

natural and probable consequences doctrine as they existed before Senate Bill No. 1437.

Indeed, *Concha* itself recognized the malice requirement for provocative act murder: "[A] defendant is liable for murder when the actus reus and mens rea elements of murder are satisfied. The defendant or an accomplice must proximately cause an unlawful death, and the defendant *must personally act with malice*. Once liability for murder is established in a provocative act murder case or in any other murder case, the degree of murder liability is determined by examining the defendant's personal mens rea and applying section 189." (*Concha, supra,* 47 Cal.4th at p. 663, italics added.)

Lee argues that his conduct and mental state did not satisfy the elements under section 189, subdivision (e) that would make him culpable for murder, nor did we consider those elements in our 1996 opinion. Because section 189, subdivision (e) applies only to felony murder, and Lee was not convicted of felony murder, this argument fails.

## DISPOSITION

The judgment is affirmed.


                                        BENDIX, Acting P. J.


We concur:


        JOHNSON, J.


        WEINGART J.*


---

        *  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 5/22/20

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE


| | |
|---|---|
| THE PEOPLE, | B297928 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA079332) |
| v. | |
| KENNY INKWON LEE, | CERTIFICATION AND ORDER FOR PUBLICATION |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |


The opinion in the above-entitled matter filed May 1, 2020, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

There is no change in the judgment.

CERTIFIED FOR PUBLICATION.


_____

BENDIX, Acting P. J.      JOHNSON, J.      WEINGART, J.*

_____

   *  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.