Filed 8/11/21  P. v. Brackin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C090794 |
| Plaintiff and Respondent, | (Super. Ct. No. SCR002160) |
| v. | |
| SHAWN BRACKIN, | |
| Defendant and Appellant. | |

In 1997, defendant Shawn Brackin pleaded guilty to second degree murder, assault with a firearm, and assault with a firearm upon a police officer.  He also admitted various firearm use enhancements.  As part of his plea, the parties stipulated to a finding that defendant was not guilty by reason of insanity to the murder charge, but did not stipulate to that finding for the other two counts.  He was committed to the state hospital pursuant to the plea agreement to a term of 15 years to life for the second degree murder offense

1

and a concurrent determinate term of 13 years four months for the assault offenses and gun enhancements.

During his commitment, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, §§ 1-4) (Senate Bill 1437), which amended the law governing murder liability under felony murder and natural and probable consequences theories, and provided a new procedure under Penal Code section 1170.95 for eligible defendants to petition for recall and resentencing. (Statutory section references that follow are to the Penal Code.) Defendant filed a section 1170.95 petition, and after receiving briefing from the parties, the trial court denied the petition, finding defendant had failed to make a prima facie showing that he was eligible for relief.

Defendant appeals, arguing the court erred in determining he was ineligible for resentencing. He contends section 1170.95 applies to not guilty by reason of insanity commitments and that a person convicted of provocative act murder is statutorily eligible for relief. Although he acknowledges that several courts have disagreed with his latter contention, he nevertheless urges us not to follow those cases.

We conclude the trial court did not err in denying defendant's section 1170.95 petition. We affirm the court's order.

FACTS AND HISTORY OF THE PROCEEDINGS

In 1995, defendant went into the lobby of the Roseville Police Department and pointed a gun at a civilian in the lobby as well as at the clerk. The clerk ran from the lobby, yelling that defendant had a gun and activating a panic alarm. Officers responded, with one officer opening a door about a foot and telling defendant to put the gun down. Defendant pointed the gun towards the door. An officer then fired, hitting defendant. During the confusion, an officer in plain clothes who entered the lobby was shot and killed by friendly fire.

2

In March 1996, defendant was charged with second degree murder (§ 187, subd. (a), count one), two counts of assault with a firearm (§ 245, subd. (a)(2), counts two and three), and three counts of assault with a firearm upon a peace officer (§ 245, subd. (d)(1), counts four, five, and six). Enhancements for personally using a firearm were also alleged (§ 12022.5, subd. (a)).

In January 1997, defendant entered a plea pursuant to *People v. West* (1970) 3 Cal.3d 595. Under the agreement, defendant would plead guilty to counts one, three, and six and admit the attached firearm enhancements. The parties stipulated that the plea to second degree murder in count one would be not guilty by reason of insanity. The parties further stipulated that the determinate term for counts three and six with the use of a gun would be 13 years four months. It was agreed that the term for the second degree murder would be 15 years to life. The plea agreement contemplated state hospital incarceration in lieu of state prison with a minimum incarceration period of the determinate term and a maximum possible state hospital term of life.

During the plea hearing, the court asked defendant if in committing second degree murder, he "did willfully and unlawfully and with malice aforethought commit the murder of Mark White, a human." Defendant responded, "Guilty under West" and not guilty by reason of insanity. Defendant also pleaded guilty under *West* to the assault charges and admitted the firearm use enhancements as set forth pursuant to the terms of the plea agreement.

The court sentenced defendant in February 1997. The court committed defendant to the state hospital per the agreement to a term of 15 years to life for the second degree murder offense and a concurrent determinate term of 13 years four months for the assault offenses.

In April 2019, defendant filed a form petition for resentencing under Senate Bill 1437 and section 1170.95. On the form, he checked various boxes stating that a complaint was filed against him that allowed the prosecution to proceed under a theory of

felony murder or murder under the natural and probable consequences doctrine, that he pleaded guilty or no contest to first or second degree murder in lieu of going to trial because he believed that he could have been convicted of first or second degree murder at trial pursuant to the felony-murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019.

Defendant's form petition also checked boxes indicating that he was not the actual killer; that he did not, with the intent to kill, aid, abet, or assist the actual killer in a first degree murder; that he was not a major participant or did not act with reckless indifference to human life during the course of the crimes; and that the victim of the murder was not a peace officer in the performance of his or her duties, or that he was not aware that the victim was a peace officer in the performance of his or her duties and the circumstances were such that he should not reasonably have been aware that the victim was a peace officer in the performance of his or her duties. Defendant requested the appointment of counsel.

The People filed an "invitation to deny" the petition, arguing defendant had failed to make a prima facie showing because his form petition contained conclusory allegations and no facts regarding his convictions. The People further argued that the court file would show defendant was never prosecuted for felony murder or under the natural and probable consequences doctrine; the only viable murder theory was the provocative act doctrine, which Senate Bill 1437 did not affect.

Defendant, represented by the public defender, filed a reply arguing submission of the form petition alone satisfied a prima facie showing for relief under the statute. The burden therefore shifted to the prosecution to prove beyond a reasonable doubt that defendant was not eligible for relief.

At a subsequent hearing, the court ruled that section 1170.95, subdivision (c) contained two prima facie showings. The court found that defendant had satisfied the

4

first prima facie showing that he fell within the provisions of the section, but requested further briefing from the parties before deciding whether defendant had satisfied the second prima facie showing that he was entitled to relief.

Following the court's ruling, the prosecution filed an opposition brief again arguing that defendant was not prosecuted for second degree murder based on either the felony-murder rule or the natural and probable consequences doctrine, and that he could still be convicted of second degree murder despite Senate Bill 1437's changes based on either implied malice or provocative act murder. And, even if the court found the natural and probable consequences or felony-murder theories applied, defendant was still ineligible for relief under the peace officer exclusion contained in section 189, subdivision (f). As exhibits, the prosecution attached copies of the police reports, which the parties had stipulated could serve as the factual basis for defendant's plea, as well as the transcript of the change of plea hearing.

Defense counsel filed a reply brief arguing that because CALCRIM No. 560 defined provocative act murder in terms of natural and probable consequences, provocative act murder fell within the parameters of section 1170.95. Defendant had thus satisfied his prima facie burden.

At a hearing on the petition in October 2019, defense counsel argued that because defendant entered into a *West* plea and no factual basis was stated at the entry of the plea, it was not clear whether defendant had indeed engaged in a provocative act. Counsel further argued that by eliminating murder under the natural and probable consequences doctrine, Senate Bill 1437 and section 1170.95 necessarily eliminated provocative act murder as well, and that a police officer exception did not apply.

The prosecutor reiterated that given the factual basis for defendant's plea in the police reports, the record of conviction showed that defendant was not prosecuted for murder based on either felony murder or the natural and probable consequences doctrine.

5

Had the Legislature intended to affect provocative act murder, it could have easily said so, but it did not.

The court took the matter under submission. In a subsequent written ruling, the court denied the petition, finding defendant could not have been convicted of second degree murder based on a theory of felony murder or natural and probable consequences. It also rejected defendant's argument that Senate Bill 1437 eliminated the provocative act doctrine because it was inextricably intertwined with the natural and probable consequences doctrine. In so ruling, the court noted that the provocative act doctrine differed materially from both felony murder or the natural and probable consequences doctrine because a defendant, to be convicted of murder under the provocative act doctrine, the defendant had to have the mental state of implied malice. Because the record of conviction showed defendant personally acted without an accomplice and necessarily had to act with implied malice under the provocative act doctrine, defendant could still be convicted of murder even after Senate Bill 1437's amendments to sections 188 and 189. And, this took the matter out of the reach of the felony murder or natural and probable consequences doctrine.

This appeal followed.

## DISCUSSION

### I

### *Overview of Senate Bill 1437*

The Legislature enacted Senate Bill 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice

6

(§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added section 1170.95 to provide the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences theory." (§ 1170.95, subd. (a).) After a defendant submits a petition and the court performs an initial review for missing information, subdivision (c) of section 1170.95 provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Following an order to show cause, the court must hold a hearing "to determine whether to vacate the murder conviction and to recall the sentence . . . ." (§ 1170.95, subds. (c), (d)(1).) At that hearing, the prosecution bears the burden of proving beyond a reasonable doubt that the defendant is not eligible for resentencing. (§ 1170.95, subd. (d)(3).) "The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Ibid.*) The parties also may waive a resentencing hearing and stipulate that a defendant "is eligible to have his or her murder conviction vacated and for resentencing." (§ 1170.95, subd. (d)(2).)

II

*Denial of Section 1170.95 Petition*

Defendant contends the trial court erred in denying his section 1170.95 petition because he stated a prima facie case that he was eligible for resentencing under the new statutory scheme. In his view, a finding of not guilty by reason of insanity does not preclude relief under section 1170.95 and Senate Bill 1437 invalidated the provocative act murder doctrine thus making him eligible for relief. While he acknowledges that several recent cases have found to the contrary regarding provocative act murder, he urges us not to follow them.

We need not resolve the parties' dispute over whether a person who pleads guilty under *West* to murder and not guilty by reason of insanity and is committed to the state hospital for the murder offense qualifies as a person "convicted of murder" within the meaning of section 1170.95. Even if we assume, for sake of argument, that such a commitment does not render defendant ineligible for relief under the statute, we agree with those authorities that have held Senate Bill 1437 did not invalidate or otherwise eliminate the provocative act murder doctrine. (See, e.g., *People v. Lee* (2020) 49 Cal.App.5th 254, review granted July 15, 2020, S262459 (*Lee*); *People v. Johnson* (2020) 57 Cal.App.5th 257 (*Johnson*); *People v. Swanson* (2020) 57 Cal.App.5th 604, review granted Feb. 17, 2021, S266262 (*Swanson*).)

Ordinarily, a defendant may not be convicted of murder absent proof that he unlawfully killed a human being with either express or implied malice. (§§ 187, subd. (a), 188, subd. (a).) Prior to Senate Bill 1437, however, a defendant could be found guilty of murder without proof of malice under either the felony-murder rule or the natural and probable consequences doctrine. (*People v. Powell* (2018) 5 Cal.5th 921, 942; *People v. Gonzalez* (2012) 54 Cal.4th 643, 654 (*Gonzalez*).)

8

Under the felony-murder rule, a defendant could be convicted of murder when he or an accomplice killed someone while committing or attempting to commit an inherently dangerous felony. (*People v. Powell, supra*, 5 Cal.5th at p. 942.) A felony listed in section 189 qualified as first degree felony murder, while a nonlisted felony qualified as second degree felony murder. (*Ibid.*) Prior to Senate Bill 1437, the felony-murder rule did not require an intent to kill, or even implied malice, but merely an intent to commit the underlying felony. (*Gonzalez, supra*, 54 Cal.4th at p. 654.)

Under the natural and probable consequences doctrine, "a person who knowingly aided and abetted a crime, the natural and probable consequence of which was murder or attempted murder, could be convicted of not only the target crime but also of the resulting murder or attempted murder. [Citations.] 'This was true irrespective of whether the defendant harbored malice aforethought. Liability was imposed " 'for the criminal harms [the defendant] . . . naturally, probably, and foreseeably put in motion.' " ' " (*People v. Munoz* (2019) 39 Cal.App.5th 738, 749, review granted on other grounds Nov. 26, 2019, S258234.) The natural and probable consequences doctrine "is not an implied malice theory; the mens rea of the aider and abettor with respect to the [murder or attempted murder], actual or imputed, is irrelevant." (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1102, review granted on other grounds Nov. 13, 2019, S258175.)

As *Lee*, *Johnson*, and *Swanson* explain, unlike the felony-murder rule or murder under the natural and probable consequences doctrine, a murder conviction under the provocative act doctrine requires proof that the defendant personally harbored the mental state of malice, and either the defendant or an accomplice intentionally committed a provocative act that proximately caused the death of an accomplice or third party. (*Lee, supra*, 49 Cal.App.5th at pp. 264-265, review granted; *Johnson, supra*, 57 Cal.App.5th at pp. 266-268; *Swanson, supra*, 57 Cal.App.5th at pp. 612-614, review granted.) "The provocative act murder doctrine has traditionally been invoked in cases in which the perpetrator of the underlying crime instigates a gun battle, either by firing first or by

9

otherwise engaging in severe, life-threatening, and usually gun-wielding conduct, and the police, or a victim of the underlying crime, responds with privileged lethal force by shooting back and killing the perpetrator's accomplice or an innocent bystander." (*People v. Cervantes* (2001) 26 Cal.4th 860, 867.)  The malice requirement for provocative act murder was well established in 1997 when defendant pleaded guilty and not guilty by reason of insanity to murder.  (See, e.g., *People v. Mai* (1994) 22 Cal.App.4th 117, 124 ["an element of the provocative act doctrine is implied malice"], disapproved on other grounds by *People v. Nguyen* (2000) 24 Cal.4th 756, 757.)

Provocative act murder has both a physical and a mental element.  (*People v. Mejia* (2012) 211 Cal.App.4th 586, 603.)  The mental state is malice aforethought. (*Ibid.*)  The physical element is the provocative act itself, defined in *Mejia* as "an act, the natural and probable consequence of which is the use of deadly force by a third party." (*Ibid.*)

Contrary to defendant's argument, although provocative act murder incorporates some concepts related to the natural and probable consequences doctrine, this does not mean Senate Bill 1437 eliminated provocative act murder.  While a defendant convicted of provocative act murder is vicariously liable for the physical act of killing carried out by a victim or a third party (*Gonzalez, supra*, 54 Cal.4th at pp. 654-655), "[w]ith respect to the mental element of provocative act murder, a defendant cannot be vicariously liable; he must personally possess the requisite mental state of malice aforethought when he either causes the death through his provocative act or aids and abets in the underlying crime the provocateur who causes the death."  (*People v. Mejia, supra,* 211 Cal.App.4th at p. 603.)

Defendant implicitly concedes, like the trial court found, that the only two theories available to prosecute him for Officer White's murder were provocative act murder or implied malice murder.  Pleading guilty to murder under either theory necessarily means that defendant admitted he possessed implied malice during the killing.  Thus, defendant

10

cannot show that he "could not be convicted of first or second degree murder because of changes to Section 188 or 189" as required for relief under section 1170.95, subdivision (a)(3).

## DISPOSITION

The trial court's order denying defendant's section 1170.95 petition for resentencing is affirmed.

_____

HULL, J.

We concur:

_____

BLEASE, Acting P. J.

_____

DUARTE, J.

11