Filed 1/20/22  P. v. Briscoe CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>KHYLE ARMANDO BRISCOE,<br><br>      Defendant and Appellant. | A159174<br><br>(Solano County<br>Super. Ct. No. C46114) |

This appeal requires us to consider whether a defendant convicted under a theory of provocative act murder is potentially eligible for resentencing under Penal Code[1] section 1170.95. We join other courts that have unanimously concluded section 1170.95 is unavailable to such defendants as a matter of law. Accordingly, we affirm the denial of defendant Khyle Armando Briscoe's petition to vacate his murder conviction and for resentencing.

---

[1] Further statutory citations are to the Penal Code.

## BACKGROUND[2]

On an April night in 1998 Briscoe and Shaun Pina, both armed with handguns, entered the home of Ben Parovel on the pretense of wanting to buy marijuana and attempted to rob him at gunpoint. During the ensuing struggle Briscoe held a .38-caliber handgun to Parovel's girlfriend's neck, held her at gunpoint in a headlock, and repeatedly struck Parovel in the head with a 10-millimeter Glock semiautomatic pistol. Parovel eventually managed to gain control of the .38 and shot both assailants, killing Pina. (*People v. Briscoe, supra*, 92 Cal.App.4th at pp. 577–580.)

Briscoe was charged with first degree murder, robbery, and burglary. The information alleged the murder was committed in the commission of robbery and burglary and that Briscoe personally used a firearm in the commission of all three offenses. (*People v. Briscoe, supra,* 92 Cal.App.4th at pp. 579–580.) It further alleged as special circumstances that Briscoe acted with reckless indifference to human life and acted as a major participant in the underlying felonies. A jury convicted him on all charges, found the firearm-use enhancements true, found he was engaged in the crimes of robbery and burglary during the commission of the murder, and found the special circumstances allegations to be true. (*Id.* at p. 580.) The court sentenced Briscoe to life imprisonment without possibility of parole for the murder

---

[2] The relevant events are described in greater detail in our opinion affirming Briscoe's murder conviction, *People v. Briscoe* (2001) 92 Cal.App.4th 568.

2

with a four-year consecutive term for the associated firearm enhancement. Terms for the robbery and burglary convictions and their related enhancements were stayed pursuant to section 654. (*Ibid.*)

In December 2018 Briscoe filed a petition for resentencing under section 1170.95. The petition alleged Briscoe had been convicted of first degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine and that he could not now be so convicted because of changes to sections 188 and 189 effective January 2019, because he was not the actual killer, did not have the intent to kill or aid and abet the actual killer, and was not a major participant in the felony or did not act with reckless indifference to human life.

The trial court appointed counsel for Briscoe and issued an order to show cause as to why his petition should not be granted, but subsequently granted a motion for reconsideration, reversed its prior finding that Briscoe had made a prima facie showing under section 1170.95, and denied the petition. It explained:

"In terms of whether a prima facie standard has been met, in this case, the Court is looking to determine whether assuming that the petition's factual allegations are true, it's determining whether there's a reasonable likelihood that the petitioner may be entitled to relief. In this particular case, again, upon a closer analysis, the Court believes that the defendant has failed to make a threshold showing.

"The Court reviewed the appellate decision . . . *People v. Briscoe.* In that appellate decision, the Court went through the

3

provocative act theory that was [the] reason[] . . . the defendant was convicted, the jury instructions that were given by the Court when the defendant was in trial in this county, and the special circumstances findings that were made.

"And the petition[er] was found guilty under the provocative act doctrine that finds a conscious disregard for life and the . . . mens rea element is satisfied. The defendant knows his actions had a high probability, not merely a foreseeable probability, of eliciting a life-threatening response from the person who actually fires the fatal bullet. The jury . . . was instructed pursuant to [section 190.2, subdivision (d)] which requires reckless indifference to human life as a major participant in the crime."

The court rejected defense arguments that Briscoe was the least involved in planning the crime, attempted to minimize the risk of violence during its commission, did not intend to kill or use his weapon, and attempted to aid Pina after he was shot. "While his attempt to assist Pina from being shot may be noted, the other factors, that is, the knowledge of the weapons, the duration of the crime, the awareness of whether others would be likely killed, efforts to minimize violence, do not seem to tip in the petitioner's favor." The court concluded the petition for resentencing failed to establish a prima facie case.

Briscoe filed a timely appeal.

## DISCUSSION

Because the issues in this appeal require us to interpret section 1170.95 in relation to provocative act murder, our review

4

is de novo. (*Weatherford v. City of San Rafael* (2017) 2 Cal.5th 1241, 1247.) We review the ruling, not the court's reasoning, and affirm if correct on any ground. (*People v. Zapien* (1993) 4 Cal.4th 929, 976.)

      *1.     Senate Bill No. 1437 and Section 1170.95*

      Senate Bill No. 1437 (Senate Bill 1437), effective January 1, 2019, "was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) To that end, "Senate Bill 1437 substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder [citation] and significantly narrowing the felony-murder exception to the malice requirement for murder." (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 862, review den. Oct. 27, 2021 (*Mancilla*).)

      As relevant here, the new legislation amended section 188 by adding a requirement that, with the exception of felony murder, "to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (Sen. Bill 1437, ch. 1015 (2017-2018 Reg. Sess.), § 2; § 188, subd. (a)(3).) This effectively eliminated the natural and probable

5

consequences doctrine as a basis for murder liability. (*People v. Gentile* (2020) 10 Cal.5th 830, 846–847.) At the same time Senate Bill 1437 amended section 189 to require that the perpetrator of a felony murder was either the actual killer, aided and abetted the killer with the intent to kill, or was a major participant in the underlying felony and acted with reckless indifference to human life. (Sen. Bill 1437, ch. 1015 (2017-2018 Reg. Sess.), § 3; § 189, subd. (e).)

Senate Bill 1437 also created, through new section 1170.95, an avenue for offenders previously convicted of murder under the felony-murder law or the natural and probable consequences doctrine to petition the trial court to vacate their conviction and for resentencing if they could not have been convicted of murder under the amended statutes. (Sen. Bill 1437, § 4; *Mancilla, supra,* 67 Cal.App.5th at p. 862.) It provides: "(a) A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . [;] [¶] [and] (3) The petitioner could not be convicted of first or second

6

degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

If the petition makes a prima facie showing that the petitioner falls within the provisions of section 1170.95, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (*Mancilla, supra,* 67 Cal.App.5th at p. 863.) At the hearing the prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence. (*Ibid.*) The prosecutor has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (*Ibid.*)

### 2. *Murderers Convicted under the Provocative Act Murder Rule Are Ineligible for Section 1170.95 Relief*

Having laid out the narrowing of murder liability effected by Senate Bill 1437, we turn to whether Briscoe's conviction for provocative act murder renders him ineligible for relief under section 1170.95. We conclude it does.

" 'The provocative act doctrine is to be distinguished from the felony-murder rule.' [Citation.] The felony-murder rule applies to killings 'committed in the perpetration of, or attempt to perpetrate' certain crimes. (§ 189, subd. (a).) 'When a killing is not committed by [the defendant] or by his accomplice but by his victim,' however, 'malice aforethought is not attributable to the [defendant], for the killing is not committed by him in the perpetration or attempt to perpetrate' the underlying felony. [Citation.] Thus, the felony murder rule cannot support a murder

7

conviction when an accomplice is killed by a third party rather than by the defendant or another accomplice. [Citations.]

"Under such circumstances, the defendant may nonetheless be convicted of murder under the provocative act doctrine. '[W]hen the perpetrator of a crime maliciously commits an act that is likely to result in death, and the victim kills in reasonable response to that act, the perpetrator is guilty of murder. [Citations.] "In such a case, the killing is attributable, not merely to the commission of a felony, but to the intentional act of the defendant or his accomplice committed with conscious disregard for life." ' " (*People v. Lee* (2020) 49 Cal.App.5th 254, 263–264 (*Lee*), review granted July 15, 2020, S262459; review dism. and remanded Nov. 23, 2021 in light of *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).)

"Like any other murder, a provocative act murder committed without deliberation and premeditation is murder of the second degree." (*People v. Swanson* (2020) 57 Cal.App.5th 604, 616 (*Swanson*), review granted Feb. 17, 2021, S266262, review dism. and remanded Nov. 23, 2021 in light of *Lewis, supra,* 11 Cal.5th 952.) While the felony murder rule cannot be used to impute malice when neither the defendant nor an accomplice actually committed the killing, "section 189 may be used to establish the *degree* of the murder if malice—and therefore murder—is otherwise proved. [Citation.] Thus, a provocative act murder which occurs when a defendant acts with implied malice may nevertheless be first degree murder if it occurs during the course of a section 189 felony." (*People v. Mejia*

(2012) 211 Cal.App.4th 586, 619; see *Swanson,* at p. 616; *People v. Caldwell* (1984) 36 Cal.3d 210, 216, fn.2; *People v. Baker-Riley* (2012) 207 Cal.App.4th 631, 635–636.) This principle, known as the *Gilbert* rule, has been the law since the Supreme Court articulated it in *People v. Gilbert* (1965) 63 Cal.2d 690, vacated on other grounds in *Gilbert v. California* (1967) 388 U.S. 263, 274.[3]

Critical to the present analysis, it has long been established that murder under the provocative act doctrine incorporates a malice element. "Unlike felony murder or murder under the natural and probable consequences doctrine, '[a] murder conviction under the provocative act doctrine . . . *requires proof that the defendant personally harbored the mental state of malice,* and either the defendant or an accomplice intentionally committed a provocative act that proximately caused' the death of another accomplice." (*Lee, supra,* 49 Cal.App.5th at p. 264, italics added, quoting *People v. Gonzalez* (2012) 54 Cal.4th 643, 655; *Swanson, supra,* 57 Cal.App.5th at p. 613 [conviction under provocative act murder " 'requires proof that the defendant personally harbored the mental state of malice' "]; *People v. Mai* (1994) 22 Cal.App.4th 117, 124, disapproved on another point in *People v. Nguyen* (2000) 24 Cal.4th 756, 761 ["an element of the provocative act doctrine is implied malice"]; see *People v. Gilbert, supra,* 63 Cal.2d at pp. 703–704; *People v. Smith* (2005)

---

[3] Although not relevant in this case, provocative act murder is also of the first degree when the defendant acts with express malice and the killing is willful, deliberate, and premeditated. (*People v. Mejia, supra,* 211 Cal.App.4th at p. 604.)

37 Cal.4th 733, 747 ["conscious disregard for life" is implied malice].)

Briscoe concedes as much, and acknowledges that for this reason a person convicted of *second* degree provocative act murder "[i]n most cases" cannot establish the prima facie showing required by section 1170.95, subdivision (a) that he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made by [Senate Bill] 1437." (§ 1170.95, subd. (a)(3).) He argues, however, that he is nonetheless potentially eligible for resentencing because the *Gilbert* rule was invoked to elevate his conviction to first degree murder. In his view, "by limiting application of the felony murder rule stated in Section 189, Senate Bill 1437 also limited application of the *Gilbert* rule." Therefore, "even under the *Gilbert* rule, it must additionally be proven that the person was the actual killer, had the intent to kill or 'was a major participant in the underlying felony and acted with reckless indifference to human life. . . .' "

We disagree. Briscoe was convicted of provocative act murder, not felony murder. Nothing in Senate Bill 1437 indicates a legislative intent to impose the new felony murder requirements on provocative act murder, a distinct theory of murder liability (*People v. Gonzalez, supra,* 54 Cal.4th at p. 654), or to incorporate them into the *Gilbert* rule as additional requirements for elevation of a provocative act murder conviction to first degree. To the contrary, the Legislature unambiguously limited resentencing eligibility to "person[s] convicted of felony

10

murder or murder under the natural and probable consequences doctrine." (§ 1170.95, subd. (a).) "[W]hen statutory language is 'clear and unambiguous there is no need for construction, and the courts should not indulge in it.' " (*Pacific Gas & Electric Co. v. Public Utilities Com.* (2000) 85 Cal.App.4th 86, 92.)

Briscoe was not convicted of felony murder or murder under a probable and natural consequences theory, so he is not eligible for relief. Nor does the elevation of his offense to first degree under the *Gilbert* rule because the killing took place during the course of an offense listed in section 189 mean, as he asserts, that he was convicted of both provocative act murder *and* felony murder. Indeed, because the fatal shot was fired by one of the victims, it is a legal impossibility for Briscoe to have been convicted of felony murder. (*People v. Johnson* (2020) 57 Cal.App.5th 257, 266 (*Johnson*); *People v. Gonzalez, supra,* 54 Cal.4th at pp. 654–655 [felony murder principles are inapplicable when someone other than the defendant or an accomplice kills during the commission of a crime].)

Briscoe is also ineligible for resentencing for another reason. Section 1170.95, subdivision (a)(3) requires as a condition of eligibility that "[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." That Briscoe cannot satisfy this requirement is established by his concession that he could have been convicted of second degree provocative act murder under current law. " 'The plain and ordinary meaning of the word "or" is well established. When used in a statute, the word "or" indicates

11

an intention to designate separate, disjunctive categories.' "
(*Eddie E. v. Superior Court* (2015) 234 Cal.App.4th 319, 327, see
p. 325.) Thus, *Eddie E.* held a statutory prerequisite of
abandonment by one or both parents was satisfied by proof of
abandonment by one parent. (*Id.* at p. 327.) By the same token,
even if Briscoe's murder conviction could no longer be elevated to
first degree under *Gilbert* after Senate Bill No. 1437,[4] he could
"be convicted of first or second degree murder" notwithstanding
the enactment of Senate Bill 1437.[5] We are therefore unsurprised
that every court to consider the issue has affirmed the prima
facie denial of a section 1170.95 petition for a provocative act
murder conviction elevated to first degree murder under the
*Gilbert* rule. (*Johnson, supra,* 57 Cal.App.5th at p. 266 [first
degree murder pursuant to *Gilbert* rule]; *Swanson, supra,*
57 Cal.App.5th at pp. 616–617 [same]; *Lee, supra,* 49 Cal.App.5th
at pp. 259, 263–266.)

Briscoe argues this result contravenes the core principles
underlying Senate Bill 1437 because his conviction was elevated
to first degree "without regard for his subjective mens rea, and

---

[4] To be clear, we reach no such conclusion.

[5] As amended by Senate Bill No. 775 (2021-2022 Reg.
Sess.), effective January 1, 2022, section 1170.95, subdivision
(a)(3) no longer makes a distinction between first and second
degree murder. In its current form, it requires as a condition of
eligibility that "[t]he petitioner could not presently be convicted of
murder or attempted murder because of changes to Section 188
or 189 made effective January 1, 2019." Neither this nor any
other changes to the resentencing statute effected by Senate Bill
No. 775 support Briscoe's arguments here.

based upon the exact same felony murder rule that the Legislature has now abandoned as 'inconsistent with basic principles of law and equity.' " We disagree. Senate Bill 1437 was enacted to ensure that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, §1, subd. (g).) In convicting Briscoe of provocative act murder, the jury necessarily found that he acted with implied malice. That culpable mental state having been established, we see no tension between the principles underlying Senate Bill 1437 and a rule that elevates the degree of Briscoe's offense based on a particular actus reus, i.e., its commission during a specified felony.

For all these reasons, we reject Briscoe's contention that barring him from section 1170.95 relief is contrary to legislative intent because he "plainly" belongs in the category of eligible offenders. His attempt to import the new felony murder requirements into the provocative act murder doctrine is unsupported by case law and, more importantly, irreconcilable with section 1170.95's express restriction of relief to persons convicted of felony murder or murder under a natural and probable consequences theory. "When interpreting statutory language, we may neither insert language which has been omitted nor ignore language which has been inserted." (*Rudd v. California Casualty Gen. Ins. Co.* (1990) 219 Cal.App.3d 948, 952; see *Johnson, supra,* 57 Cal.App.5th at p. 269.)

13

*3. Excluding Offenders Convicted of Provocative Act Murder from Relief under Section 1170.95 Does Not Violate Equal Protection.*

We also reject Briscoe's claim that the exclusion of provocative act murder from Senate Bill 1437 violates his constitutional right to equal protection. "The concept of equal treatment under the laws means that persons similarly situated regarding the legitimate purpose of the law should receive like treatment. [Citation.] ' "The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' " (*People v. Morales* (2016) 63 Cal.4th 399, 408.)

A like equal protection claim was raised and rejected in *Johnson, supra,* 57 Cal.App.5th at pp. 270–271. There, as here, the defendant's provocative act murder conviction was elevated to first degree based on the victim's shooting of an accomplice during an armed home invasion robbery. (*Id.* at pp. 261, 266.) As explained there, "Johnson [was] . . . not similarly situated to persons convicted of felony murder or murder under the natural and probable consequences doctrine because '[u]nlike [these murders], "[a] murder conviction under the provocative act doctrine . . . requires proof that the defendant personally harbored the mental state of malice. . . ." ' [Citation.] 'Because [Johnson] was convicted of provocative act murder, the jury

14

necessarily found he acted with malice aforethought.' " (*Id.* at pp. 270–271, first brackets added, fn. omitted.) In contrast, the felony murder rule generally acts as a substitute for the mental state ordinarily required for murder, while the natural and probable consequences doctrine allows an aider and abettor to be convicted of murder without malice. (*Id.* at p. 271, fn. 4.)

Even more recently, *Mancilla, supra,* 67 Cal.App.5th at pp. 869–870 followed *Johnson* in rejecting the contention that offenders convicted of provocative act murder and those convicted under the natural and probable consequences doctrine are similarly situated. "Given the express intent of Senate Bill 1437 'to more equitably sentence offenders in accordance with their involvement in homicides' [citations], offenders who acted with malice and those who did not are not similarly situated for purposes of section 1170.95." (*Mancilla*, at p. 870.) We agree.

Briscoe argues *Johnson* is not controlling because "while the jury did consider whether [he] acted with implied malice in finding that he committed provocative act murder, the jury did not consider the same" in elevating the offense to first degree murder under the *Gilbert* rule. That is the precisely the situation presented in *Johnson, supra,* 57 Cal.App.5th at p. 266, so it does not distinguish the cases. In any event, to convict Briscoe of provocative act murder the jury found he acted with malice. That it did not consider his mens rea *again* in finding the murder was

15

committed during a robbery and burglary[6] does not erase this critical difference between his offense and felony murder.

Because Briscoe is ineligible for section 1170.95 resentencing for these reasons, we do not address his additional contentions that (1) the true findings on the special circumstances allegations did not also preclude resentencing;[7] and (2) the court erred in finding he was a major participant who acted with reckless indifference.[8]

## DISPOSITION

The order denying Briscoe's petition for resentencing under section 1170.95 is affirmed.

---

[6] The verdict form asked the jurors to decide whether Briscoe was engaged in these crimes only if they had found him guilty of murder.

[7] Whether a felony murder special circumstance finding made before *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 precludes a defendant from making a prima facie showing of eligibility for section 1170.95 relief is currently pending in the Supreme Court. (*People v. Strong* (Dec. 18, 2020, C091162) review granted Mar. 10, 2021, S266606.)

[8] By separate order filed contemporaneously with this opinion we deny Briscoe's petition for writ of habeas corpus challenging the section 190.2, subdivision (d) special circumstances findings (*In re Briscoe,* A163984) without prejudice to the petition being filed in the Solano County Superior Court.

16

_____
Ross, J. *

WE CONCUR:


_____
Pollak, P.J.


_____
Brown, J.

*A159174 People v. Briscoe*

_____

\* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.